## HENRY SHAW *versus* JOHN PRATT.

A release of one of two joint promisors, will not discharge the other from liability, unless it be a technical release under seal.

A writing not under seal, signed by the holder of a joint promissory note, set forth, that in consideration of the transfer of certain notes to him by J. B. P., one of the joint promisors, he thereby agreed to discharge the joint note so far as J. B. P. was liable thereon, except that such writing should not operate to affect an action commenced by him against the other joint promisor. It was *held,* that the other joint promisor was not released by such writing.

The joint note, in such case, being payable in instalments, a part of which were not due at the time of the transfer, it was *held,* that, under the agreement between the holder and J. B. P., the notes transferred, which also were not then due, should be applied in payment of such of the instalments as were not due, and not in discharge of those upon which the action in question was founded.

ASSUMPSIT on a joint and several promissory note for the sum of $ 3464, dated November, 30, 1833, made by the de-

fendant and John B. Pratt, and payable to the plaintiff or bearer, in annual instalments with interest.

The defendant offered in evidence a writing dated June 23, 1838, signed by the plaintiff, but not under seal, which was in the following words.

" In consideration of an assignment by John B. Pratt of a mortgage and the notes given to him by Sydney S. Pratt for $ 2800, to me, I hereby agree and bind myself and my heirs to discharge the note, being a joint and several one, signed by John Pratt and John B. Pratt, and held by me, so far as John B. Pratt is or may be liable to pay the same, except that this agreement shall not operate in any way to discharge or affect the suit already begun by me against John Pratt, and for which a farm in New Ashford has been attached on said note."

It was admitted by the plaintiff, that the note in suit was given for the consideration of the sale of a tract of land to the defendant ; and that the defendant had subsequently conveyed the land to John B. Pratt, who verbally agreed with the defendant to assume the payment of the note ; but the plaintiff had no agency in this arrangement and never assented thereto.

It was further admitted by the parties, that the notes received by the plaintiff of John B. Pratt, were not due, but were payable at a future time.

The defendant contended : 1. That he was legally discharged from all liability to the plaintiff upon the note in suit ; and 2. That the payment of the sum of $ 2800 was to be applied in discharge of so much of the note as should first become due and payable.

As the case presented merely questions of law, it was taken from the jury by consent. If in the opinion of the whole Court, the plaintiff was entitled to maintain this action, the defendant was to be defaulted, and damages to be assessed for such sum as the Court should direct. But if the Court should be of opinion that the evidence constituted a legal defence to the action, the plaintiff was to become nonsuit.

*Sept.* 20*th*     *Briggs* and *Porter*, for the plaintiff, to the point, that the writing signed by the plaintiff did not operate as a release of the defendant, it not being under seal, cited *Solly* v. *Forbes*, 2 Brod. & Bingh. 38 ; *Ruggles* v. *Patten,* 8 Mass. R.. 480 ;

*Walker* v. *M'Culloch*, 4 Greenleaf, 421 ; *Harrison* v. *Close*, 2 Johns. R. 449 ; *Rowley* v. *Stoddard*, 7 Johns. R. 207 ; *Catskill Bank* v. *Messenger*, 9 Cowen, 37 ; *De Zeng* v. *Bailey*, 9 Wendell, 336.

*Rockwell* and *Tucker*, for the defendant. The general rule is, that a release of one of two joint and several promisors, is a release of the other, even if his liability is expressly excepted from the operation of the release. *Tuckerman* v. *Newhall*, 17 Mass. R. 581 ; 1 Swift's Dig. 301 ; *Abel* v. *Forgue*, 1 Root, 502 ; *Kirby* v. *Taylor*, 6 Johns. Ch. R. 242 ; 2 Saund. 48 *a*, note.

It is objected, that the writing in question cannot have this operation, because it is not under seal. But this should make no difference here ; for the release need not be of a higher nature than the contract which is the subject of the release. A release under seal differs from one not under seal only in this, that it imports a consideration. In the writing in question the consideration is fully stated, and thus it supplies all the advantages derived from a seal. Then, as to the application of the payment made by John B. Pratt, we contend, that in the absence of any direction as to the application, it should be applied in payment of that portion of the note which had become due, and that it operated as a discharge of the present action. *Pattison* v. *Hull*, 9 Cowen, 747 ; *United States* v. *Kirkpatrick*, 9 Wheaton, 720.

DEWEY J. delivered the opinion of the Court. It is contended, that the agreement made by the plaintiff with John B. Pratt, one of the promisors of the note declared upon in the present action, to discharge him from all liability to pay the same, has the effect to release and discharge his co-promisor, the present defendant. *Sept.* 21*st.*

There are, it seems to us, several objections to this instrument as a release of the defendant.

1. It is very doubtful whether it is any thing more than an agreement to discharge, and therefore not to have the effect of a present actual discharge.

2. As an agreement to discharge John B. Pratt, it is accompanied with an express stipulation excluding any such effect as to the defendant.

3. There is another objection entirely fatal to this defence, which we have more particularly considered. The instrument relied upon as a release of all the promisors of the note, is not under seal, and is not therefore a technical release. Nothing but a technical release under seal discharging one of several promisors, can operate to discharge the other promisors from their liability on the contract. This principle is well settled, and sustained by many adjudicated cases. *Walker* v. *M'Culloch*, 4 Greenleaf, 421 ; *Harrison* v. *Close*, 2 Johns. R. 449; *Rowley* v. *Stoddard*, 7 Johns. R. 209 ; *De Zeng* v. *Bailey*, 9 Wendell, 336.

The only remaining inquiry is, whether the amount received from John B. Pratt, shall be applied in payment of the money already due, or be taken to be in discharge of that part of the note which is payable at a future day. Upon recurring to the facts stated in the case, it appears, that there was no actual payment of money, but a transfer to the plaintiff of a certain mortgage and notes, which notes were not payable, by the terms of them, until a period long after the transfer. Had there been no application of this payment, by the mutual understanding of the parties, the question must have been decided by those general rules which have been adopted in the application of payments in such cases ; but, as it seems to us, in the present instance, the parties have by their own stipulations provided for the application of the amount thus received. The agreement was in terms, that this payment was not to operate in any way to discharge or effect this suit.

This stipulation clearly imports some other and different application of the amount received by the assignment of the notes and mortgage, than in discharge of that part of the note upon which judgment is now asked by the plaintiff. It can have the limited effect stipulated by the parties in the written instrument, only by applying the same in discharge of that part of the note not due, and entering judgment for the plaintiff for so much as remains unpaid of that part of the note which had become payable at the time of the institution of the suit.

*Judgment for the plaintiff*