## Spires *against* Hamot.

If an unconditional payment be made upon a bond bearing interest, which is not yet due, it must be applied first to the extinguishment of the interest up to the time when the payment is made; then to the principal, *pro tanto*.

ERROR to the District Court of *Erie* county.

John Spires against P. S. V. Hamot. This was an action of debt upon a bond dated the 26th February 1836, in the penalty of $28,000, conditioned for the payment of $14,500 " on or before the 26th February 1846, with the lawful interest, the first interest payment becoming due on the 26th February next." In this suit the plaintiff claimed to recover the interest which became due on the 26th February 1841, and the 26th February 1842. It appeared that the interest had been paid annually up to the 26th February 1840, and on the 3d July 1840 the defendant paid $4854.37 " on account of principal and interest in this bond."

The court below was of opinion, and so instructed the jury, that the payment of $4854.37 was not to be applied to the debt, which only became payable in 1846; but that it was to bear interest in favour of the defendant, and the aggregate to be applied to the

extinguishment of the interest upon the bond as it annually became payable, and so *toties quoties* until the sum paid, with its interest, is credited; and directed a verdict for the defendants.

*Walker*, for plaintiff in error, cited 1 *Dall.* 124.

*Galbreath*, for defendant in error.

PER CURIAM.—*Tracy* v. *Wicoff* has long since ceased to be authority. It has been directly overruled in *Primrose* v. *Hart*, (1 *Dall.* 378) ; *The Commonwealth* v. *Miller*, (8 *Serg. & Rawle* 458) ; and *Smith* v. *Shaw*, (2 *Wash. C. C. R.* 167), in accordance with all the English decisions since *Chase* v. *Box*, (2 *Freem.* 261), which was the first of them, and decided in 1702.

The truth is, *Tracy* v. *Wicoff* is as unfounded in principle as it is in authority; for, calculating interest on payments, the debt would, in course of time, be discharged, both principal and interest, by payment of interest only. The rule established by all other decisions is that a partial payment is to be applied to the interest, in the first place, and in the second to the principal. The reason is that, though interest may be reserved to be paid yearly, half-yearly or quarterly, it accrues from day to day, and not like rent from year to year. A creditor may refuse to receive the principal before it is due, or a part of it when due, except on his own terms; and were he to receive it as a payment bearing interest, it would, in effect, be a loan. But if he receive it unconditionally, the residue applied to the principal, after payment of the interest, stops interest on the principal *pro tanto*. The last of the endorsements on this bond purports that the payment was received " on account of principal and interest," which is no more than the law would imply. The jury, therefore, were directed to adopt an erroneous rule of computation.

Judgment reversed, and *venire de novo* awarded.