# Watt & Co. *versus* Hoch.

The custom of the merchants of Pittsburgh to charge interest on goods sold after six months is so universal and notorious, that it necessarily enters into the contract as a part of it; and the Courts are bound to take notice of this custom as a part of the law.

Where a person indebted on several accounts, makes a payment, he may direct how it shall be applied; if he give no such direction, the creditor may apply it, and if he credit it generally on an open account, the law will not afterwards appropriate it to a judgment although older than the account; especially if the creditor have security for the judgment and none for the account.

ERROR to the Common Pleas of *Jefferson county.*

The plaintiffs, John Watt & Co., were merchants, doing business in the city of Pittsburgh. The defendant resided in Jefferson county, and purchased goods from the plaintiffs. On the 22d of January, 1850, the defendant gave to the plaintiffs a single bill, with J. P. Hoch as surety, with warrant of attorney to confess judgment for the sum of $2219.21, payable one day after date, which was entered in the Court of Common Pleas of Jefferson county, on the 1st February, 1850. The defendant continued, after the single bill was given, to purchase goods from the plaintiffs, and made various payments in cash, lumber, and notes and drafts of third persons.

On the 11th of May, 1852, the defendant applied to the Court to open the judgment and let him into a defence, alleging that the judgment was paid. This rule was made absolute and an issue directed to ascertain the amount due on the judgment.

On the trial the defendant claimed, that certain payments made by him should have been credited upon the judgment and not upon the open and running account. He also resisted the right of the plaintiffs to charge interest upon the several bills of goods purchased after six months.

The plaintiffs contended that the payments having been made by defendants without any direction to apply them to any particular

[Watt & Co. *v.* Hoch.]

·debt, they had a right to apply them to either, and that even if they had not, the law would apply them to a debt for which they had no security, rather than to one for which they had. They also alleged that they had a right to charge interest, under the established custom of merchants of Pittsburgh, and offered evidence to prove that such was the custom, which was rejected by the Court.

The Court below (GALBRAITH, P. J.,) charged the jury as follows:—

"In this case there was a judgment in favour of the plaintiff, which was opened on application of the defendants to let them into defence in order to show how and for what the judgment was obtained, what payments had been made, and the general equities. Evidence has been given of payments by the delivery of timber, lumber, &c., of which the jury must judge, and determine to what extent. The plaintiffs have shown bills of goods furnished in the ·progress of the dealings between the parties, the amount of which the jury must determine from the evidence. As a general rule, no interest is chargeable on a running account of a merchant who sells goods in the ordinary way, unless settled from time to time, notes taken, or something to indicate a different understanding. It is a general rule, that payments made, without any agreement or understanding as to what debt it is to be applied to, will be appropriated by law to the oldest debt. If there has been no other agreement shown here, the jury will determine by the evidence what payments made by the defendants in this case shall be applied to the judgment, and find their verdict accordingly."

The jury found for the defendants.

The errors assigned were as to the instructions of the Court on the right to charge interest on the accounts; on the application of the payments, and the rejection of evidence of the custom to charge interest after six months.

*Barclay,* for plaintiffs in error.—Interest is chargeable upon goods sold or delivered as soon as the express or implied term of credit has elapsed: 4 *D.* 289; 3 *W. & S.* 271; 6 *Binn.* 162; 1 *Id.* 488; The plaintiffs' claim in this case was a stated account, and they were entitled to interest from the time of the statement; 1 *Bald.* 536; 4 *W. & S.* 14; 2 *Barr* 323; 7 *Barr* 281; 3 *Harris* 236; 1 *Id.* 313.

*Gordon,* for defendant in error.—Interest can only be allowed upon an open account, by express agreement, by general usage, or where there has been unreasonable and vexatious delay in paying.

As a general rule, where a payment is made without any agreement or application, it will be applied to the oldest debt. This case is governed by the case of Speck *v.* The Commonwealth, 3 *W. & Ser.* 328, and that fully sustains the charge of the Court.

[Watt & Co. v. Hoch.]

The opinion of the Court was delivered by

KNOX, J.—In Koons v. Miller, 3 *W. & Ser.* 271, it was held that the practice of merchants of Philadelphia to charge interest on their accounts, after six months, had existed so long, and was so uniform, that it formed part of the contract of sale, and that its existence was so notorious that courts of justice were bound to notice it as part of the law. There is no reason why the same rule should not be applied to sales of goods made by the merchants of Pittsburgh, as the custom is the same there as in Philadelphia, and equally notorious. The first assignment of error is therefore sustained.

The rule as to the appropriation of payments was not correctly stated. Where a debtor indebted on several accounts makes a payment, he may direct how it shall be applied, but if he makes no appropriation of it to any specific debt, the creditor then has the right of application, and if he credits it generally on an open account, the law will not afterwards apply it to the payment of a judgment, even although older than the account, and more particularly is this so where the creditor has security for the payment of the judgment, and none for that of the open account. In the absence of any agreement, understanding or direction to the contrary, the payment made in this case should have been applied first to extinguish the book account and the residue only to the judgment.

The objection to the depositions of Valentine Hoch is not sustained. It sufficiently appears that they were taken before competent authority.

The fifth and sixth assignments of error have no bills of exceptions upon which to found them.

Judgment reversed, and *venire de novo* awarded.