## Moore *versus* Kiff *et al.*

1. Kiff gave Moore ten notes, one payable each consecutive year without interest; judgment was entered on them; at the same time ten plain notes were given for the interest, payable yearly. Kiff made payments to Moore from time to time; neither party made any appropriation of these payments to either debt. More than six years after the interest notes were due, in a scire facias on the judgment, the court charged "as the interest notes are now barred by the statute, these payments must be applied to the debt in controversy." *Held* to be error.

[Moore *v.* Kiff.]

2. Where a debtor owes more than one debt to the same creditor, and a payment is made generally, the law makes the application.

3. Where money is paid generally on a debt, it is to be applied first to the interest, and then to the extinguishment of the debt.

4. The interest notes were payable in goods; when payments were made it was agreed that they should be credited on " the notes;" there had been no offer by the debtor to pay in goods : *Held* to be payment on the debt evidenced by all the notes.

5. When payment of a debt is to be in goods, failure to pay or offer to pay in goods, according to agreement, fixes the liability of debtor to pay in money.

March 10th 1875.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Bradford county* : No. 54, to January Term 1875.

This was a scire facias sur judgment, issued January 8th 1868, by Abraham C. Moore against Erastus Kiff, Samuel Kiff and John Kiff.

The judgment on which this scire facias was issued, was entered to September Term 1846, on a bond with warrant of attorney, to confess judgment, dated June 24th 1846, conditioned for the payment of ten notes of the same date, amounting in the whole to $3150.   The notes were executed by the defendants and payable yearly for ten years without interest.   At the same time the defendants gave to the plaintiff, ten notes for the interest on the other notes, payable " in good merchantable sugar or pork, at cash price, to be delivered in Troyboro.'"   These notes also were payable yearly, in ten consecutive years.

The case was tried October 8th 1873, before Streeter, P. J.

On the trial it appeared by the evidence that the notes had been given for the purchase-money for a farm of 350 acres and the stock on it, sold by plaintiff to defendants.   By articles of agreement of November 28th 1849, between the plaintiff and defendants, the land was transferred again to the plaintiff at $5.50 per acre, it being agreed " to admit as payment of said several notes as much as said land shall amount to," and " that all payments heretofore made by said Kiffs, or either of them, upon said notes, shall be allowed by said Moore the same as if these articles had not been made, anything in these articles to the contrary notwithstanding."

In addition to the price ($1925) of the farm resold to the plaintiff, he had received on the notes $90.75, and also from a sheriff's sale of defendants' property, $245.92.   The plaintiff testified that he had bought a farm from the defendants in Columbia, of the purchase-money of which, $570.17 were to be applied on the notes.

The defendants gave evidence that the purchase-money of the farm in Columbia was $1000, from which were to be deducted $90, on account of another debt, leaving $910 to be applied to the judgment ; also $200 for sugar delivered to plaintiff.

28 P. F. SMITH—7

[Moore *v.* Kiff.]

They gave evidence also for the purpose of showing that the whole amount of the notes had been paid.

The parties made no appropriation of the several payments to any particular part of the debts.

The court charged : * * *

" The defendants insist that this credit (for the Columbia farm) should be $910 instead of $570.16 ; it is for you to determine under the evidence which is the true amount. * * * We understood from the evidence that the price of the 350 acres resold to plaintiff, as well as the amount paid by Samuel Kiff, was to apply upon the .debt in judgment now sought to be revived ; but the counsel for the plaintiff insist that these payments must be applied to the interest notes first, and the balance to the judgment. They argue that the agreement of 3d May 1850, shows this to be true. The amount of those interest notes has not been stated, though the notes were to be considered in evidence. No money or sums were ever applied by Moore to either debt, and as the interest notes are now barred by the statute, it seems to us that these payments must be applied to the debt in controversy. You have then 350 acres at $5.50 per acre, making $1925. The amount of endorsements and costs made by sheriff, $336.67. The sum paid by Samuel Kiff, according to Mr. Moore, $570.16 ; making in all $2831.83. The debt was $3150, and the balance due the plaintiff by this calculation would be $319, and the interest on that sum from the 24th June 1856, the time when the last note became due. But the defendants claim that the amount paid by Samuel Kiff was $910. If you adopt that view of the evidence, it makes the payment $339.84 more, and that would fully pay the judgment. The defendants also claim that they should be allowed for 2000 pounds of sugar at 10 cents per pound, but we have already said all that is necessary upon that item." * * *

The verdict was for the defendants.

The plaintiff took a writ of error. He assigned for error, that the court erred :—

1. In submitting to the jury the question whether the payment made by Samuel Kiff by a farm in Columbia was $910 or $570.16.

2. In instructing the jury that the payments made by defendants must be applied to the debt in controversy, " without regard to the interest notes."

3. In not instructing the jury that they should ascertain the amount owing by defendants to plaintiff at the date of the re-sale of the farm, viz : November 28th 1849, upon all the notes given at the original purchase, and after deducting the payments thus made, give the plaintiff judgment for the balance, if any, with interest to the date of note.

4. In instructing the jury that plaintiff was only entitled to interest on any balance owing at the date of re-selling the farm, from

the 24th of June 1856, the date when the last principal note became due.

*W. H. Carnochan*, for plaintiff in error.—A partial payment is to be applied, first, to interest on the debt, and then to the principal: Speirs *v.* Hamot, 8 W. & S. 17; Bouv. Inst., sect. 384.

*D. Rockwell* (with whom was *H. N. Williams*), for defendants in error.

Mr. Justice PAXSON delivered the opinion of the court, March 19th 1875.

We do not see the force of the first assignment of error. It amounts substantially to an allegation, that the court below erred in submitting a question of fact to the jury. What other disposition the court could have made of it does not appear.

We think the learned judge erred in instructing the jury that the payment made by the defendants, must be applied to the principal of the debt in controversy, to the exclusion of the interest notes. He places this upon the ground, that the latter were barred by the statute, as will be seen from the following extract from his charge : " No money or sums were ever applied by Moore to either debt, and as the interest notes are now barred by the statute, it seems to us, that these payments must be applied to the debt in controversy." The error of this reasoning consists in the fact, that at the time of the agreement of November 28th 1849, the interest notes, referred to, were not barred. It is not pretended that any payments have been made since that date.

It does not appear that Moore ever applied the payments made prior to said agreement, or the price at which the land was resold, to either class of notes. Nor was any such application made by the defendants. It remains, therefore, for the law to apply them. Where money is paid generally upon a debt, the obvious rule is, to apply it first, to the interest, if any, in arrears, and then the extinguishment of the principal. Is there any valid reason why such rule should not be applied in this case ? This transaction, as it stood originally, was a sale of a farm, with the stock, for the sum of $3150. Notes were to be given for this sum, *with interest*, to be secured by a judgment. When the parties came to close it up, for some reason, separate notes were given for the interest, and they were made payable in pork and sugar. By the subsequent agreement of November 28th 1849, Moore was to take the land back at $5.50 per acr , and this price, as well as former payments, was to be credited upon the original indebtedness. In the precise language of the agreement, it was to be admitted as payment of " said several notes." What notes? The notes for the principal only ? There is not a word in the agreement to in-

[Moore *v.* Kiff.]

dicate this. The parties evidently contemplated the payment of the debt due Moore, not merely the principal of that debt. Nor is the fact that the interest notes were payable in pork and sugar material, unless there had been an offer to show payment in those particular commodities. The defendants had a right to pay in pork and sugar. An offer to do so would have been a sufficient answer to a demand for payment. But a failure to show either payment, or an offer of payment, in these articles, fixes the liability of the defendants to pay in money.

If the plaintiff in error desired the specific instruction referred to in the third assignment, he should have asked for it. No such point was submitted to the court. Under the view which we take of the case, he would have been entitled to its affirmance.

The fourth assignment of error is sustained. The plaintiff was entitled to recover the balance, if any, remaining unpaid of the original debt of $3150, with interest, after deducting any payment or proper credits.

Judgment reversed and a *venire facias de novo* awarded.