## Pennsylvania Company for Insurances on Lives and Granting Annuities, Appt., *v.* The H. Clausen & Son Brewing Company.

One who owes several debts to the same creditor may direct to which indebtedness a particular payment shall be applied. In the absence of such direction the creditor may apply the payment to any part of the indebtedness. If neither debtor nor creditor makes any specific application of the money the law will appropriate it according to the equities of the case; but this rule applies to voluntary payments only.

A creditor who holds a first mortgage and a second mortgage of the same land, and also collateral security for the payment of the first mortgage debt, must apply the proceeds of foreclosure under the first mortgage to payment of the first mortgage debt, and, if that debt is thereby paid, must surrender the collateral.

Upon the creditor's refusal to give up the collateral, a second creditor to whom the debtor has pledged the collateral, subject to the first pledge, may maintain a bill in equity for its transfer.

(Decided October 4, 1886.)

Certiorari sur appeal from a decree of Common Pleas No. 1 of Philadelphia County in favor of plaintiff in a bill in equity. Affirmed.

This was a bill in equity filed by The H. Clausen & Son Brewing Company against the Pennsylvania Company for Insurances on Lives and Granting Annuities and against Philip J. Lauber, to compel the defendant company to assign and transfer to the plaintiff certain policies of life insurance.

NOTE.—For the application of payments, see note to Tait v. Hackett, 2 Sad. Rep. 534.

The facts as they appeared by the bill and answer are stated in the opinion.

From the decree of the court in accordance with the prayer of the bill the defendant company appealed, and took this writ.

*John G. Johnson,* for appellant.—The sheriff's sale discharged the lien of the two mortgages, but did not satisfy the debt thereby secured. The debtor was entitled to an appropriation of the proceeds in payment of his indebtedness, and nothing more. McDevitt's Appeal, 70 Pa. 373; Bank of Pennsylvania v. Winger, 1 Rawle, 295, 18 Am. Dec. 633; Addams v. Heffernan, 9 Watts, 529; Hastings's Case, 10 Watts, 303; Ziegler v. Long, 2 Watts, 205; Konigmaker v. Brown, 14 Pa. 269; Philadelphia v. Cooke, 30 Pa. 56; Delaware & H. Canal Co.'s Appeal, 38 Pa. 512; Cummin's Appeal, 9 Watts & S. 73.

Equity appropriates a fund in the hands of a creditor to whom two debts are owing, to the one least secured, unless someone else discloses a paramount equity. The complaints disclosed no such paramount equity.

*C. W. McKeehan,* for appellee.—I. The assignment of the insurance policies by Lauber, to the Pennsylvania Company, was a pledge of the policies as collateral security for a specific debt, which was paid by the proceeds of the foreclosure and sale of the mortgage of real estate given before as security for the same debt. Pierce v. Potter, 7 Watts, 475; Thomas v. Jarden, 57 Pa. 331; Ayres v. Wattson, 57 Pa. 360; Hood v. Adams, 124 Mass. 481, 26 Am. Dec. 687; Howard v. Ames, 3 Met. 308; Southworth v. Scofield, 51 N. Y. 513; Jones, Mortg. §§ 950, 953; Westmoreland Bank v. Rainey, 1 Watts, 26.

One of the provisions of a mortgage in Pennsylvania, and that upon which the foreclosure proceedings by scire facias are founded, authorizes the mortgagee in case of default "to proceed thereon to judgment and execution for the recovery of the whole of said principal debt, and all interests and taxes due thereon, besides costs of suit," etc. Act 1705, §§ 6, 7, Purdon's Digest, 596.

Thus in express terms the scire facias clause of the mortgage appropriates the proceeds of the sale to the debt thereby secured.

A debtor who owes several debts to his creditor and makes a payment to him has the right to direct to what particular indebt-

edness his payment shall be applied; but if he fails to give such direction the creditor may apply the payment to any part of the indebtedness, and to the least secured debt. But this principle only applies to cases of voluntary payment, and not where the payment is enforced by process of law. Blackstone Bank v. Hill, 10 Pick. 133.

The policies were never pledged as security for the second mortgage, and the appellant has no right to apply them to that debt. James's Appeal, 89 Pa. 54; Jarvis v. Rogers, 15 Mass. 395; 2 Kent, Com. 584; Hathaway v. Fall River Nat. Bank, 131 Mass. 14; Wyckoff v. Anthony, 9 Daly, 417; Duncan v. Brennan, 83 N. Y. 487; Fridley v. Bowen, 103 Ill. 633; Post v. Tradesmen's Bank, 28 Conn. 420; Schouler, Bailm. 228, 229; Pettibone v. Griswold, 4 Conn. 158, 10 Am. Dec. 106; Van Blarcom v. Broadway Bank, 37 N. Y. 540; Robinson v. Frost, 14 Barb. 536; Drake v. White, 117 Mass. 10.

OPINION BY MR. JUSTICE STERRETT:

It will be apparent, we think, from a brief statement of the facts, that the decree from which this appeal is taken was rightly entered.

In October, 1880, Philip J. Lauber borrowed from the company, appellant, $35,000, and gave as security therefor a mortgage of certain real estate in the city of Philadelphia. About a week thereafter, in accordance with his agreement to do so, he assigned to appellant as additional security the policies of insurance, amounting at their face value to $40,000. The purpose of this assignment and its conditions are clearly expressed in the paper contemporaneously executed and delivered by the company to Lauber, in which it covenants and agrees that it "holds the said policies of insurance only as collateral security for the payment of the said mortgage debt of $35,000, and that upon the payment and discharge of said debt, the Pennsylvania Company for Insurance on Lives and Granting Annuities shall and will reassign and transfer all the said nine policies of insurance, amounting to $40,000, to him, the said Philip J. Lauber." About a year thereafter appellant loaned to Lauber the further sum of $20,000, upon the security of a second mortgage of the same premises. The policies of insurance were not pledged as security for this loan, nor is it alleged by appellant that they were.

In November, 1884, Lauber applied to the company appellee and obtained from it a loan of $6,000, secured by an assignment of same policies of insurance subject to the prior assignment to appellant. Shortly afterwards appellant, having obtained judgment on each of its mortgages, issued a levari facias on the first, sold the mortgaged premises, and in January, 1885, purchased the same at sheriff's sale for $44,000, a sum more than sufficient to pay the first mortgage debt, but not enough to pay both in full.

The appellee, claiming that the first mortgage debt was fully paid and satisfied by the proceeds of sale, and the conditions of the first assignment thereby fulfilled, demanded the policies of insurance, and appellant refused to surrender them. Thereupon the bill reciting substantially the foregoing facts was filed, praying among other things that appellant be ordered to assign, transfer, and deliver the policies of insurance.

The ground of appellant's refusal to surrender the policies is disclosed by the answer, wherein it says, after referring to the two loans: The second "loan was made by us in the belief that we could apply the collateral then in our hands in such manner as would give us the full benefit of the margin of value of the premises mortgaged a second time, with the least possible diminution, by reason of the first loan and the collateral we then held. . . . We are advised that the first loan was not fully paid by said sale; but that it was our right to first appropriate the proceeds of said sale in payment of the second loan, which was least secured. We have done this and we have appropriated said proceeds toward the payment of said second and least secured loan, and have appropriated the policies of insurance towards the payment of the loan first made."

The court below rightly concluded that the defense thus set up was wholly insufficient, and accordingly decreed that the mortgage debt, for which appellant held the policies of insurance as collateral security, had been paid and discharged, and directed appellant to assign, transfer, and deliver said policies to the appellee.

It is a principle too well settled to require the citation of authorities, that personal property, pledged specifically as security for a certain loan, cannot be held as security for subsequent advances without an agreement to that effect.

It is not even claimed that there was any such agreement in this case. The sheriff's sale under the first mortgage dis-

charged the lien of both, and, there being no prior lien creditors, the law appropriated the proceeds, first, to the payment and satisfaction of the first mortgage debt, and the residue on account of the second mortgage debt. The legal effect of this was just the same as if Lauber, the debtor, had voluntarily paid the first and taken up his bond. The general rule undoubtedly is that one who owes money upon several distinct securities or accounts has a right to apply his payment to either, as he pleases; but, if he makes a payment generally and without specifically appropriating it, the creditor may apply it as he pleases. If neither debtor nor creditor makes any specific application of the money so paid, the law will appropriate it according to the equity and justice of the case. But this principle applies only in cases of voluntary payments. It has no place in payments *in invitum* or where the money to be applied is the proceeds of judicial sale of real estate. In such cases the law applies the proceeds in order of their priority, to such liens as are devested by the sale.

Decree affirmed and appeal dismissed, at costs of appellant.