Decree affirmed and appeal dismissed, at the costs of the appellant.

---

# Appeal of Thompson Bell.

Money paid generally upon a bond or other debt must first be applied to the interest due and the balance to the principal.

This rule does not apply to mutual running accounts. In such cases if interest is allowed upon one side, it must be allowed upon the other.

(Argued November 6, 1886. Decided January 3, 1887.)

October Term, 1886, No. 182, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Common Pleas No. 2 of Allegheny County dismissing exceptions to a master's report in favor of complainant in a bill in equity for an accounting and partition of lands. Affirmed.

The material facts in the case were as follows:

Complainant, John A. McKee, was the owner of certain lands in Stowe township, which were encumbered by mortgages and judgments to a large amount. An arrangement was made with

NOTE.—In addition to the authorities cited in the opinion of the court, the same principle is affirmed in Roberts's Appeal, 92 Pa. 407; Howell's Estate, 13 W. N. C. 15; Brown v. Coray, 3 Kulp, 377; Unruh's Estate, 5 Pa. Dist. R. 119.

Thompson Bell, the respondent, in pursuance of which the latter secured control of all the liens upon the lands and took title to the lands themselves under agreement to sell them in whole or in part, pay the liens, and distribute the proceeds thereafter remaining to complainant and respondent. When the parties made the distribution of the proceeds and the surplus real estate, a dispute arose as to the disposition of certain undesirable portions of the land; and complainant filed this bill for an accounting and a partition of the land under the agreement.

The master, in stating the account of the respondent, credited him with the original debt and with each item of expense incident to his management of the property, and added interest on each item in the account from its date to the date of settlement, and debited him with each item of the proceeds of the property derived from sales or rent, with interest on each added from its date to the date of settlement.

Exceptions to this account were filed which, *inter alia,* alleged error in the method of computing interest, respondent contending that each item of the receipts from the property should be applied to the discharge of interest then due and the balance to the principal. The court dismissed the exceptions; and respondent took this appeal, assigning as error, *inter alia,* such action of the court.

*Marshalls & Imbrie,* for appellant.—The rule for calculating interest requires payments to be first applied to the interest; and if the interest is less than the payment, then the principal is reduced by that balance. Com. use of Bellas v. Vanderslice, 8 Serg. & R. 452; Spires v. Hamot, 8 Watts & S. 17. See also Moore v. Kiff, 78 Pa. 97.

The rule laid down in Tracy v. Wikoff, 1 Dall. 124, 1 L. ed. 65, is now only applicable to accounts current between merchants. Watt v. Hoch, 25 Pa. 411; Adams v. Palmer, 30 Pa. 346.

*A. M. Watson* for appellee.

OPINION BY MR. JUSTICE PAXSON:

It is a settled rule in this state that where money is paid generally upon a bond or other debt, such payment must be applied to the interest, if any, in arrears, and the balance to the prin-

cipal. Com. use of Bellas v. Vanderslice, 8 Serg. & R. 452; Spires v. Hamot, 8 Watts & S. 17; Moore v. Kiff, 78 Pa. 96.

It is equally clear that this rule has no application to mutual .running accounts. In such cases if interest is allowed upon one side, it must be allowed upon the other.

In this case the learned master has charged the interest on both sides, holding that the rules laid down in the cases above cited do not apply, in view of its peculiar circumstances and equities. In this we think he was right. A contrary view would lead to the monstrous result that had the appellant sold only enough land each year to keep down the interest, as he might have done under the arrangements between the parties, the whole estate of the plaintiff below might have been exhausted in the payment of the interest alone, unless interest was charged upon the proceeds of such sales. A principle which makes such a result possible can have no proper application to this case.

We have carefully examined the remaining assignments of error and none of them is sustained. Their discussion is not deemed necessary.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.