## Buck *v.* Mutual Building & Loan Association of Altoona, Appellant.

*Interest—Payment—Sale of real estate—Contract.*

1. Where an article of agreement for the purchase of real estate provides for the payment of a certain amount upon the signing of the agreement, and that the balance shall be paid with interest at the rate of $11.00 per month thereafter, the monthly payment of $11.00 is to be applied first to the payment of the interest due, and the balance to be applied to the payment of the principal.

2. Where money is paid generally upon a debt the rule is to apply it first to the interest, if any, in arrears, and then to the extinguishment of the principal.

Argued Oct. 26, 1911. Appeal, No. 130, Oct. T., 1911, by defendant, from judgment of C. P. Blair Co., Oct. Term, 1910, No. 107, for plaintiff on case stated in suit of Mrs. F. J. Buck, Administratrix of F. J. Buck, deceased, v. Mutual Building and Loan Association of Altoona. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Case stated to determine liability on an article of agreement. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff for $115.97 on case stated.

*J. F. Sullivan*, with him *Charles Geesey*, for appellant.— While it has been held that compound interest as a compensation merely for the detention of money cannot be allowed in Pennsylvania, yet if there be a special agreement to so pay, and in such form as is valid, it may be recovered: Phila. & Reading R. R. Co. v. Smith, 105 Pa. 195; Stokely v. Thompson, 34 Pa. 210; Wilson v. Wilson, 16 W. N. C. 439.

The application of payments was not properly followed: Spires v. Hamot, 8 W. & S. 17; Bower v. Walker, 220 Pa. 294; Howell's Est., 13 W. N. C. 15; Moore v. Kiff, 78 Pa. 96.

*E. H. Flick*, for appellee.

OPINION BY HENDERSON, J., March 1, 1912:

This cause was heard on a case stated from which it appears that the defendant sold to the husband of the plaintiff on March 25, 1897, by article of agreement a piece of land in Clearfield county, the price of which was $1,200. The payment of the purchase money was provided for in the contract as follows: "One hundred and fifty ($150.00) dollars cash upon the signing of this agree-

ment, the receipt of which is hereby acknowledged, and the balance, with interest, payable at the rate of eleven dollars each and every month hereafter, the first payment to be made on the 25th day of April A. D. 1897, and subsequent payments monthly thereafter on said date, with permission, if party so desires, to enlarge said payments, or pay the entire balance due at any time." Payments were made on the contract until November 30, 1909, at which time a payment of $437.11 was made and a settlement demanded. The defendant thereupon rendered a statement containing a computation of interest which showed a balance of $95.65 still due on the contract. The plaintiff contending that interest should be computed on the whole of the unpaid purchase money from the date of the contract to the date of the last payment and that interest on all payments from their respective dates to the same time should be computed and added to the payments, claimed an over payment of $115.97 and this action was brought for the recovery of that amount. The only question, therefore, is, how should the interest on the debt be computed? The rule in this state is in harmony with that prevailing generally throughout the country that a partial payment on a contract bearing interest is to be applied to the interest in the first place and in the second place to the principal. In this way the interest on the principal is settled as it accrues periodically and the principal is diminished by the excess of the payment over the amount of interest due. This has been the rule of computation in this state since Penrose v. Hart, 1 Dallas, 378, and is said in Spires v. Hamot, 8 W. & S. 17, to be in accordance with all the English decisions since Chase v. Box, 2 Freem. 261, decided in 1702. In Moore v. Kiff, 78 Pa. 96, it was said: "Where money is paid generally upon a debt the obvious rule is to apply it first to the interest, if any, in arrears and then to the extinguishment of the principal." This is recognized as a general rule in Bower v. Walker, 220 Pa. 294. The same method is adopted in Illinois. McFadden v. Fortier, 20 Ill. 509,

holds the rule to be now nearly universal that in casting interest on notes, bonds, etc., upon which partial payments have been made, every payment is to be first applied to keep down the interest, but the interest is never allowed to form a part of the principal so as to carry interest. Dean v. Williams, 17 Mass. 417; Stoughton v. Lynch, 2 Johnson's Chancery Reports, 209; Drew v. Towle, 30 N. H. 531, and Hopper v. Williams, 95 Md. 734, are to the same effect. This is also the rule as expressed in Roberts' Appeal, 92 Pa. 407, on which the learned judge of the court below relied in entering judgment for the plaintiff. It was there said: "The rule as to partial payments is well settled, and there is no reason why it should not be applied to this case. According to that rule the application is to be made first to the interest then due, and the balance to the reduction of the principal." The part of the opinion of the court in that case which impressed the trial judge was this: "It must be admitted, however, that the law is settled that unless there is a special agreement or an account stated and a balance struck interest upon interest cannot be recovered. This is the undoubted rule as between debtor and creditor." An examination of the case shows the bearing of that remark. The claim was to recover interest due the legal representative of the Alexander estate on an indebtedness which Roberts owed interest on which he declined to pay, he alleging that he was not chargeable with interest. The amount demanded at the audit was interest on this debt and interest was claimed on the interest. The auditor awarded payment of the amount of interest due but refused to allow interest thereon for the reason that it would be compounding the interest. The court below overruled the auditor and allowed interest on the claim for interest and it was with reference to this state of facts that the language referred to was used by Justice SHARSWOOD, but he held in the same connection that payment by Roberts of the principal sum was a partial payment; that the law applied as much of the first payment as was necessary to the liquidation

of the interest to the time of payment and that the unpaid interest was still standing as a part of the principal remaining due and therefore would bear interest. The case is therefore in entire harmony with the decisions in Spires v. Hamot and Moore v. Kiff, 78 Pa. 96. The indebtedness out of which this controversy arises was wholly due from the plaintiff to the defendant. The defendant did not owe anything to the plaintiff and was not bound to pay interest, therefore, on any amount. It received the payments as made in accordance with the contract and applied them as the law directs. There is no authority, therefore, for the application of the method adopted in this case to the computation of the amount due on the contract. It is a mistake to suppose that the interest in such a computation is compounded in a legal sense. Interest accrues from day to day, and the payment of it at stated times is not a compounding. If interest were added to the principal and then interest was charged on the aggregate amount a case of compounding would exist, but where the money paid is applied in part to the payment of interest due up to that time the computation of interest is all the time on the principal and not on added interest.

The judgment is reversed and in accordance with the stipulation of the case stated judgment is now entered for the defendant for the sum of $95.65, with interest from November 30, 1909, with costs.