# Kann, Appellant, *v.* Kann.

*Contracts—Debt and interest—Payment on account—Application of payment to principal—Case for jury.*

1. Except where otherwise agreed a payment made on an in-

debtedness consisting of principal and interest, not applied by either the debtor or creditor, will be applied first to interest due and then to principal.

2. A debtor paying money to his creditor has the primary and paramount right to direct the application of his money to such items or demands as he chooses, provided the payment is a voluntary one.

3. While a debtor, after making payments, may not demand their application to principal as against interest, yet he may so stipulate in making a payment, and if it is accepted without immediate protest such acceptance will be tantamount to an agreement to apply the money as directed, the creditor being bound accordingly. After an appropriation has been made by the debtor and expressly or impliedly assented to by the creditor, the law will not interfere on behalf of the latter, upon equitable or other grounds, for such circumstances constitute a contractual situation, and courts will not set aside agreements unless they are without consideration, illegal, against public policy, made without contractual capacity, or induced by fraud, accident or mistake of fact.

4. Not decided whether a creditor, when partial payment is made on a debt, coupled with a request or direction to apply the amount to the principal rather than to the accrued interest, has a right at once to refuse so to do.

5. Defendant was indebted to plaintiff and made two payments, one $4,000 and the other $1,000, on account. When defendant paid plaintiff the latter sum he explicitly directed in writing that it should be applied to the principal and in the same letter expressed the wish that the sum of $4,000, previously paid, should be likewise applied. Plaintiff acknowledged receipt of the $1,000, noting that it was to be appropriated to the principal; but objected to a like application of the $4,000. The jury found specially that the $4,000 payment had been properly applied by plaintiff to interest, but that the $1,000 had been correctly applied on the principal, and rendered a general verdict on that basis upon which judgment was entered. *Held*, no error.

Argued Oct. 15, 1917.    Appeal, No. 138, Oct. T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1915, No. 435, on verdict for plaintiff in case of W. L. Kann v. M. M. Kann.    Before Brown, C. J., Mestrezat, Potter, Stewart, Moschzisker, Frazer and Walling, JJ.    Affirmed.

Assumpsit on account stated. Before CARPENTER, J. The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff generally for $1,845.95 with special findings that the $4,000 payment was properly applied on interest and the $1,000 payment should be applied on principal. Plaintiff appealed.

*Errors assigned* were rulings on evidence, answers to points, and the charge of the court.

*Edward Schreiner,* of *Schreiner & Loeffler,* for appellant, cited: Roberts' App., 92 Pa. 407; Miller v. Leflore, 32 Miss. 634; Johnson v. Robbins, 20 La. Annual 569.

*Leonard S. Levin,* for appellee.—A debtor may appropriate his payments as he sees fit at the time he makes them. If he makes no appropriation the creditor may make it on one or more of several obligations; if neither the debtor nor creditor makes an appropriation, then the law will make one as to the debts oldest in point of time: Risher v. Risher, 194 Pa. 164; Pardee v. Markle, 111 Pa. 548; Souder v. Schechterly, 91 Pa. 83; Harmony Creamery Co. v. Bickerton, 57 Pa. Superior Ct. 651; Christman v. Martin, 7 Pa. Superior Ct. 568; Logan v. Mason, 6 W. & S. 9.

While the cases above cited do not involve the question of principle and interest, yet they have to do with the right of the debtor to appropriate payments and they indicate the trend of the policy of the law in this State.

OPINION BY MR. JUSTICE MOSCHZISKER, January 7, 1918:

Appellant states the following "question involved": "Can a debtor in making payment on account of indebtedness specifically apply the payment to principal, when the interest at the date of payment exceeds the payment; or does the law make the application in such a case to interest, so as to prevent any application by the debtor?"

Fully to cover the question presented by the record before us, however, this statement should include not only the fact that defendant debtor expressly directed the voluntary payment in controversy to be applied on principal, but also the further fact that plaintiff creditor accepted the money on this understanding.

As a result of the rulings of the court below upon the law relevant to the point at issue, the plaintiff recovered somewhat less than his full claim, and, being dissatisfied with the amount of the verdict and judgment entered thereon, he has appealed. Appellant contends that a debtor has no legal right to direct a payment made by him to be credited on principal, when the interest then due exceeds the amount of the payment; hence that, under such circumstances, the creditor may retain the sum paid and appropriate it to interest, notwithstanding a different application may have been directed by the former and at the time expressly or impliedly agreed to by the latter.

In disposing of a motion for a new trial, the court below states: "It is contended that the law, not the payor, makes the application, and that defendant's direction ......was of no force or effect. With this......contention I cannot agree. The parties were of full age and could make any agreement they saw fit......; if the payment was in fact made on account of the [principal] debt, and if with that knowledge plaintiff retained the check, he cannot now apply the money otherwise." We concur in this conclusion.

Roberts' Appeal, 92 Pa. 407, 421, contains dicta which lends some support to appellant's contention, but there is no ruling in that case which controls the present one. Miller v. Leflore, 32 Miss. 634, 635, 644, and Johnson v. Robbins, 20 La. Annual 569, 570, are also called to our attention by the appellant; but both of them might with greater propriety have been cited by the appellee, for in neither instance did the debtor give any direction for a special appropriation of the payments there under con-

sideration. Moreover, in the first of these cases, where one suit was brought on several notes, upon all of which interest had accrued, it was held that undirected payments, made by the debtor to the creditor, must be applied, not in liquidation of the accrued interest upon all the notes, but, "first to the interest accrued on the note first falling due, and the balance of such payment to the principal of said note, and so on, in the order in which the notes were payable"; which ruling certainly does not help the present appellant. In the next case the court states, "Where there is interest due, a debtor cannot, without the consent of the creditor, impute to the reduction of the principal any payment he may make"; the plain implication being that, where the creditor assents, the rule is otherwise.

Pindall v. Bank of Marietta, 37 Va. 481, 484, and Miller v. Trevilian, 2 Robinson's Reports (Va.) 1, 27, cases cited by appellee, both rule that "a debtor owing a debt consisting of principal and interest, and making a partial payment, has a right to direct its application to so much of the principal, in exclusion of the interest; and the creditor, if he receives it, is bound to apply it accordingly"; finally, the last of these cases contains an interesting discussion, beginning at page 28 of the report, as to the effect of this rule, to show that a creditor is not harmed by its application.

The following generalizations touching the question before us are furnished by 30 Cyc. At p. 1249: "Except where otherwise agreed, a payment made on an indebtedness consisting of principal and interest, not applied by either the debtor or creditor, will be applied first to interest due and then to principal [citing, inter alia, Moore v. Kiff, 78 Pa. 96; Spires v. Hamot, 8 W. & S. 17; Bell's App., 4 Sadler 423]." See also Bower v. Walker, 220 Pa. 294, 297; Buck v. Mutual B. & L. Assn., 49 Pa. Superior Ct. 128; Com. to use of Bellas v. Vanderslice, 8 S. & R. 452-458; Penrose v. Hart, 1 Dallas 378. At p. 1228: "A debtor paying money to his creditor has the

primary and paramount right to direct the application of his money to such items or demands as he chooses [citing, inter alia, Watt & Co. v. Hoch, 25 Pa. 411, 413; Harker v. Conrad, 12 S. & R. 301, 304], provided the payment is a voluntary one [see Pa. Co. v. Clausen Brewing Co., 3 Sadler 408]; for example, the debtor may apply the payment to......principal to the exclusion of interest." At p. 1231: "Where a debtor directs the manner in which his payment is to be applied, the creditor, if he accepts the payment, must apply it accordingly [citing, inter alia, Smuller v. Union Canal Co., 37 Pa. 68; Martin v. Draher, 5 Watts 544, 545; Jamison v. Collins, 11 Philadelphia 258, MITCHELL, J.]." At p. 1232 (notes): "If the debt consists of both principal and interest and the debtor directs the payment to be applied on principal, or it is mutually agreed that the payment shall be so applied, the creditor, after receiving it, cannot apply the payment to interest [citing Tooke v. Bonds, 29 Tex. 419, 427, 428; Pindall v. Marietta Bank, 10 Leigh (Va.) 481]." Another note at p. 1232 states that payment by draft is as good as money to bind the creditor to the payor's appropriation (citing Moorehead v. West Branch Bank, 3 W. & S. 550), and a further note on the same page says that "a refusal to return drafts after explicit direction as to their application will be regarded as an election to accept them for the purpose for which they were offered," citing Christman v. Martin, 7 Pa. Superior Ct. 568. At p. 1240: "Payments by the debtor will be applied according to the intention of the parties where that can be determined with reasonable certainty [citing, inter alia, Stewart v. Keith, 12 Pa. 238; see also Smith v. Mould, 149 N. Y. Supp. 552, 553]; and the court will not generally exercise the power of appropriating payments when an appropriation has already been made by either debtor or creditor [citing, inter alia, Watt & Co. v. Hoch, 25 Pa. 411; Selfridge v. Northampton Bank, 8 W. & S. 320]."

In general, the court will make the application only in

the event that both parties have failed to do so (Feldman v. Gamble, 26 N. J. Eq. 494; Seymour v. Marvin, 11 Barb. 80; Hilton v. Sims, 45 Ga. 565); and an agreement as to the appropriation controls: Shaw v. Pratt, 39 Mass. (22 Pick.) 305, 308; Larkin v. Watt, 32 S. W. (Texas) 552, 555; Genin v. Ingersoll, 11 W. Va. 549, 559, 560. Where the parties, or either of them, have rightfully applied a payment, it is final, and the law will not interfere therewith: Mercer v. Tift, 79 Ga. 174; Pond & Hasey Co. v. O'Connor, 70 Minn. 266, 270; Selfridge v. Northampton Bank, 8 W. & S. 320. Ordinarily, interest is considered as incidental to or forming an integral part of the principal debt upon which it accrues, and not as a separate demand (22 Cyc. 1570, 1571; Osterling v. Allegheny Trust Co., decided at this term); but, when a payment is made on account of the debt, there is nothing to prevent the parties from mutually treating interest as a demand separate and apart from the principal, so as to appropriate the payment to the latter rather than the former, if they see fit. When this course is pursued, the rules laid down in the authorities dealing with the application of payments as between separate debts, have relevancy; hence their notation here. While it may be that none of the cases cited actually governs this one, and that, perhaps, some of the broad principles to which we call attention may have no direct bearing on the exact point now before us, nevertheless they all shed more or less light upon our present inquiry.

The question raised by the record at bar has not been directly passed upon in any Pennsylvania case which our research has disclosed, and there are but few reported decisions upon the precise point in other jurisdictions. From an examination of the cases already mentioned it appears that, while a debtor, after making payments, may not demand their application to principal as against interest, yet he may so stipulate in making a payment, and, if it is accepted without immediate pro-

test, such acceptance will be tantamount to an agreement to apply the money as directed, the creditor being bound accordingly. The principle that, after an appropriation has been made by the debtor and expressly or impliedly assented to by the creditor, the law will not interfere on behalf of the latter, upon equitable or other grounds, has been frequently announced (Stewart v. Keith, 12 Pa. 238; Martin v. Draher, 5 Watts 544; Pearl v. Clarke, 2 Pa. 350); for such circumstances constitute a contractual situation, and courts will not set aside agreements unless they are without consideration, illegal, against public policy, made without contractual capacity, or induced by fraud, accident or mistake of fact. The present case does not fall under any of these classifications, and the alleged inequity of holding this creditor to the application which, when the payment in question was made, he at least impliedly agreed to, is not so strong as to move a chancellor to avoid the resulting contract and release plaintiff from its effect; and the learned court below did not err when it so ruled.

It may be well here to state that the trial of this case involved a controversy as to the proper application of two different funds, one of $4,000 and the other of $1,000. When defendant paid plaintiff the latter sum, he explicitly directed in writing that it should be applied on principal, and, in the same letter, he expressed the wish that the sum of $4,000, previously paid, should be likewise applied. Plaintiff acknowledged receipt of the $1,000, noting that it was to be appropriated to principal, and, in his letter so doing, he discussed defendant's suggestion for a like application of the $4,000, saying in that connection, "What I can't see at the present time, without giving it much consideration, is how you can apply a payment on principal, as long as the interest is running against the debt; interest should be paid before the principal." The verdict of the jury, which is in the nature of special findings, correctly determined that the $4,000 fund had been properly applied to interest, but

that, under the circumstances, the $1,000 (being the payment now in controversy) must be applied on principal. They also found that the original contract between the parties required defendant to pay plaintiff interest at the rate of five per cent. These findings are justified by the evidence at bar and they breach no established rules of law; thereunder, since the original contract expressly required the payment of interest, no issue arises on the question discussed in some of the cases, upon the general subject now before us, concerning the right, in the absence of such an agreement, subsequently to recover accrued interest on a principal sum which had previously been paid off (see 22 Cyc. 1572-4; 15 R. C. L. 11, 14, 15); and, again, since the evidence shows, and the jury in effect found, a contract on the part of plaintiff to appropriate the $1,000 to principal, the abstract question of the right of a creditor, when partial payment is made on a debt, coupled with a request or direction to apply the amount to principal rather than accrued interest, at once to refuse so to do, is not before us for determination. On the facts here disclosed, what we do determine is that, at the time of the payment in question the defendant having explicitly directed its application to principal, and the plaintiff having accepted the money without declining to abide by this direction, the jury were justified in finding it had been complied with and that the appropriation thus made created a contractual relation or situation which subsequently could not be changed by one of the parties without the consent of the other; hence, as expressed in the verdict, the $1,000 must be applied on principal.

The assignments of error are overruled and the judgment is affirmed.