## In re 52d and Walnut Streets

*Charles I. Thompson,* of *Ballard, Spahr, Andrews & Ingersoll,* for accountant.

FINLETTER, P. J., November 6, 1936.—A petition for confirmation of the account and for distribution was presented to the court by the Land Title Bank and Trust Company, successor trustee in the above matter, on Tuesday, October 27, 1936, in Room H, 443 City Hall, Philadelphia. . . .

There is but a single question calling for a ruling of the court, which is whether the fund for distribution should be paid on account of interest, or on account of principal, or pro rata on both principal and interest. It is a fact that the fund for distribution is derived from the operation of the property, and in no way from a sale of the mortgaged premises.

The normal rule is that interest is payable before principal: Kann v. Kann, 259 Pa. 583; 41 C. J. 632. It is, however, provided in article IV of the mortgage that upon a foreclosure sale of the mortgaged premises, if the sum realized is insufficient to pay both principal and interest, it shall be distributed "without preference as to principal over interest or interest over principal." The same section provides for a right to the mortgagee, the trustee, to enter the mortgaged premises and administer it. And it is added, in the same section, that in the latter contingency the net funds remaining in the trustee's hands shall be distributed "as hereinbefore provided." The question is: Does this mean, as it did with regard to the distribution

of the proceeds of a foreclosure sale, that funds raised by the administration of the property shall be distributed pro rata without preference to principal or interest?

It is argued that the words "hereinbefore provided" relate to the provisions for the payment of interest in January and June, and of the principal at the expiration of the term or on default as provided in article II, sec. 4. It is pointed out that the first provision of article IV applied to and governed the distribution of a fund which was the product of principal, and, being insufficient to pay both principal and interest, it was logically (because there would be no other fund out of which interest could be paid) provided that it should be pro rated without preference to principal or interest. The fund provided by the trustee's administration is wholly made up of income. The principal contributes nothing and remains intact, to be paid out of the sale of the property. No attempt is made by the bondholders to utilize the default in the payment of the principal. This inaction operates in fact as an extension of the mortgage.

It is a fact that a pro rata distribution will be very complicated. To be sure, this consideration must be ignored if the parties have contracted in such a way as to compel the complication. Still, it has a bearing upon an interpretation of the contract. We are inclined to think that since "hereinbefore" may logically refer to all provisions preceding the clause in question and may as consistently refer to the first provision for regular payment of interest as to the second contained in clause IV, we are at liberty to infer that the parties intended the first. It is to be noted that there is no express limitation of "hereinbefore" to clause IV. That is, the mortgage does not say, as it might, "hereinbefore in this article provided."

Since, therefore, the general rule is to pay interest first, and not to depart therefrom unless the contract so

provides, we are of opinion that in view of the uncer-
tainty or lack of clear expression to the contrary the
general rule must govern, and the fund in question be
distributed in payment of interest.

The trustee will therefore distribute the fund in pay-
ment of expenses of filing and advertising the account,
compensation to petitioner's counsel, $250, and interest
due January 1, 1934, to the holders of the bonds, $75,000
in amount, whose names are set forth in the petition for
distribution; any balance in excess of said payments to
be held by petitioner as a reserve for operating contin-
gencies.