## Security-Peoples Trust Company v. Peaseways Homes of Erie, Inc.

*David S. Gifford,* for plaintiff.

*William W. Knox,* for defendant's receiver.

EVANS, P. J., June 3, 1949.—This matter is before the court on a motion to strike off judgment entered under a power of attorney to confess judgment in the amount of $8,100, with interest and costs.

The narr recites that the bond was entered for non-payment of interest according to the terms of a bond which accompanied a mortgage for a like amount recorded in Erie County Mortgage Book 348, page 448. Defendant was adjudicated bankrupt in the District Court of the United States for the Western District of Pennsylvania on May 2, 1949. Thomas E. Doyle, Esq., was appointed receiver, and these proceedings to strike were instituted by him in his representative capacity. The bond was executed by "Peaseway Homes of Erie, Inc., by Robert J. Wood, president, (and) Arthur J. Gardner, secretary". The corporate seal was attached.

Nothing appears on the record to justify us in granting the motion. The record is regular on its face and

we cannot presume that these officers exceeded their authority. The seal itself is prima facie evidence that it was affixed by proper authority: Little Saw Mill Valley Turnpike v. Federal Street and Pleasant Valley Passenger Railway Co., 194 Pa. 144; Young v. Wesley Lumber and Supply Company, 4 D. & C. 643.

The receiver avers, however, that the mortgage accompanying the bond is referred to in the bond and contains the corporate resolution which, insofar as here important, provides as follows:

"Be it resolved that President Robert J. Wood and Secretary Arthur J. Gardner be and are hereby authorized and empowered to give a bond and mortgage in the name of the corporation in the amount of $8,100.00 to the Security-Peoples Trust Company . . ."

Contention is made that the resolution above recited is insufficient as authority for the president and secretary of the corporation to execute a bond with a clause containing power to confess judgment in case of default. It is true that officers or agents of a corporation are empowered to bind their principal only where specifically authorized to do so or where their conduct or contracts are proper, usual and necessary in carrying out their duties specifically authorized.

We feel required to take judicial notice of the fact that in Pennsylvania bonds accompanying mortgages always contain the confession of judgment clause. The practice of including such a clause in the contract is so uniform and has existed so long that we consider it to have been within the contemplation of the board of directors when the resolution was passed and the usual and necessary procedure without which the mortgage and bond would not have been accepted: Watt & Co. v. Hoch, 25 Pa. 411.

Now, to wit, June 3, 1949, the rule granted May 12, 1949, on the motion to strike off judgment, is discharged.