## A. D. THAYER, Appellant, *v.* THOMAS J. WHITE, Respondent.

In a suit for the recovery of the purchase-money of land, founded on a contract, in which the plaintiff contracted to deliver a warranty deed for the land; the defendant, in his answer denied that the plaintiff was the lawful owner, or that he had any title to the land. Held, that to have enabled him to rescind the contract, the defendant was bound to aver and to show, a paramount title in another, and that failing in this, his defence to the action was defective.

APPEAL from the Sixth Judicial District.

This action was brought for the recovery of $3000, founded upon an agreement, under the seals of the parties, by which the plaintiff bound himself to execute to defendant " a warrantee deed," for a lot of ground in Sacramento, described in the said instrument, in consideration of $6,500, of which $3000 was to be paid in hand, and the balance as set forth in the agreement. The complaint was, that the plaintiff, in pursuance of said agreement, on the 24th November, 1852, executed " a warrantee deed," for the premises, and tendered the same to the defendant, which defendant refused to accept; and plaintiff filed said deed as executed, and tendered the same with this complaint: and that upon the tender of the deed as aforesaid, the said sum of $3000 became due and payable from defendant, to him; yet had defendant refused to pay, &c.

The answer of the defendant denies the allegations of the complaint generally, and specially sets out, that the plaintiff did not duly perform the conditions of the said agreement on his part, and denies that he was bound to receive a deed so executed and tendered as alleged by the plaintiff. That on the 24th day of November, 1852, when the said deed was alleged to have been tendered, the said plaintiff was not the lawful owner of the said premises, described in the said agreement, that plaintiff had not the right to convey the same, and by the said deed, did not convey the same to, or vest in, the said defendant, a good and sufficient title to the said premises. The defendant also demurred to the plaintiff's bill, which was overruled; and on the 17th March, the case was submitted to a jury, who found for the

plaintiff, $3000, with interest, &c. Judgment was entered accordingly; and defendant appealed.

*De Witt*, for appellant.

*Robinson* and *Morrison*, for respondent.

The point decided by the Supreme Court, does not appear to have been discussed in the arguments of counsel.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

Of the various assignments of error, there is but one which cannot be deemed frivolous.

The answer sets up that the plaintiff was not the lawful owner of, and has no title to, the land conveyed.

To this objection the plaintiff urges, that his contract was only to execute and deliver a warrantee deed, and to require more, would be to impose on him an obligation which he had not assumed.

The object of the party in bargaining for a warrantee deed to the land, is to obtain a good title, and if this object cannot be attained, the contract is at an end.

The question to be determined is, whether such a defence is good in an action of this kind, and whether the defence as set up is good in this action.

In countries where the equity and common law jurisdictions are separate systems, it is well settled that such a defence at common law is not admissible, and the usual practice is for defendant to file his bill in chancery, where by proper allegations, he may enjoin the suit at law, and obtain a rescission of the contract. In this State we have a mixed system. The jurisdiction of the law and equity are blended together, and it is a clear design in our statute that circuity of action shall be avoided, and that the right of each party, whether legal or equitable, in respect to one subject-matter, shall be determined in one action, whatever may be the form in which it is begun.

This departure, however, from the mode of practice which prevails in most common law states, must not be understood to affect or alter, in any degree, the settled principles of decision

at common law or in equity.   On the contrary, the facts of each case, as disclosed by the complaint and answer, must determine its character as belonging to the one system or the other, and it must be tried and decided accordingly.   The defence attempted to be set up in this case, belonging as it does to the jurisdiction of chancery, the case at once becomes a case in equity, and must be determined by the principles of that system. Treating it accordingly, the defendant's averments are insufficient to enable him to avail himself of the doctrine of rescission. To do so, it has always been held necessary to aver, and to show, a paramount title in another; this has not been done in the present case, but the defence is made to rest upon the naked allegation that the plaintiff has no title.

Such loose pleading is not allowable, because it fails to put the other party upon notice of what he has to meet, and according to the well-established doctrine that all pleading must be taken most strongly against the pleader, the averment must be treated as irrelevant, if not frivolous.

Judgment affirmed.