[264]   ALEXANDER RIDDELL, Respondent, *v.* ALEX-ANDER BLAKE AND JOSEPH BLAKE, Appellants.

[1]CONTRACT, RESCISSION OF.—In order to rescind a contract for the sale of land, on the ground that the vendor cannot perform it, because he has no title to the land, it is necessary for the vendee to aver and show an outstanding paramount title in another.

APPEAL from the Seventh Judicial District.

This was an action brought by the plaintiff Riddell, against the defendants, Blake, to recover $2,425, being the principal and interest of a promissory note given by them on the purchase of a tract of land from the plaintiff, situated in the County of Solano, made January 28th, 1853, and payable September 20th, 1853. In answer to the complaint, defendants alleged that simultaneously with the execution of the promissory note, the plaintiff executed and delivered to them a bond stipulating and agreeing, in consideration thereof, and the payment of said note, at the request of defendants, to execute and deliver to them a good and sufficient deed in fee simple, conveying to them the said tract of land; that on the 20th September, 1853, they tendered the plaintiff the amount of the note and interest, and demanded a deed for the land, according to the stipulations of the bond; "that the plaintiff refused, upon the request of the defendants, nor could he make a good title to the said

---

[1] Cited in *Walker* v. *Sedgwick,* 8 Cal. 403. See *Truebody* v. *Jacobson,* 2 Cal. 269.

defendants, their heirs and assigns, to the said tract of land, according to the tenor and effect of the said bond or writing obligatory;" that, in consequence thereof, the consideration of the said promissory note has wholly failed, and that the same is void and of no effect, etc.

On the trial, the evidence was as follows: The plaintiff having given the note in evidence, the defendants gave the bond in evidence, and then proved by witnesses that, on the day the note became due, the attorney of the defendants called on the plaintiff, tendered the amount due, and demanded a clear and perfect title. The plaintiff offered to give such a deed as he was required to give by his contract. The defendants' attorney then asked the plaintiff for evidence of his *title to the land, and demanded     [265] from the plaintiff a patent from the U. S. Government, and asked the plaintiff if he had such a patent. The plaintiff replied that he had not, but was willing and prepared to make a deed for the land, according to the conditions of his bond, and offered to make such a deed, and referred the defendants' attorney to his own attorney. On the next day, plaintiff's attorney tendered to the defendants' attorney a deed, regularly acknowledged, for the land, with full covenants and warranty, and a few days afterwards, tendered the same deed to the defendants' attorney, and afterwards to the defendants, on the premises, and demanded payment of the money, which was refused. It also appeared that, at the date of the note and bond, the defendants were living on the land, and had been cultivating seventy or eighty acres of it; that other persons had the balance inclosed and in cultivation, in plain view of the defendants' residence.

There was no evidence showing in what right these parties were occupying, or that their occupation was adverse to the plaintiff.

Under the charge of the Court, refusing two instructions asked by defendants, the jury found a verdict for the plaintiff, and judgment was rendered accoedingly for the plaintiff for $2,440, with interest and costs of suit.

The defendants moved for a new trial, which was overruled by the Court, from which order of the Court defendants appealed.

*Lee & Whitman*, for Appellants.

1.  The Court erred in refusing to instruct the jury as prayed by defendants: 1st, the plaintiff's bond for title means a clear and perfect title to the land, and he cannot recover the purchase money, unless he is prepared to execute such a title; 2d, the vendor of land is bound to propose and tender a deed to the vendee, and the latter, before accepting the same, has a right to call on the vendor for an abstract of title, or evidence thereof.

The acts of the parties were concurrent and dependent. (2 Johns. 206; 10 Ib. 268; 15 Mass. 502; 1 Pet. 464; 2 Iowa, 305; 2 Sug. on Vend. 151.) The agreement [266] of plain- *tiff was to convey *the title* to the land, not his *interest* in it. (2 Iowa, 305, and authorities cited; 2 Johns. 611.)

2.  Plaintiff lost his right to recover on the note, by failing to make and deliver, or offering to deliver the deed of conveyance, on the 20th of September, 1853, the day stipulated in the bond. (25 Wend. 405; 1 Pet. 465–6; Chitty on Cont. 275; 6 Barb. 149–50.)

3.  If the vendor contracts to give a good title, it is no excuse that the vendee was aware, at the time, that the title was defective. (Chitty on Cont. 275.)

4.  The defendants had a right to call on the plaintiff for evidence of his title. (See 1 Sug. Vend. p. 449, title Abstract, and authorities before cited.)

*John Currey, Crittenden & Glassell*, for Respondent.

1.  To constitute a good defense to an action such as this, on the ground of a failure of consideration, through defect or want of title, the failure *must be total.* (2 Wheat. 13; 21 Wend. 131; 17 Ib. 188; 25 Ib. 107;) and the *onus* of showing it is on the party alleging it. (1 Greenleaf Ev. § 74; 3

Blackf. 267; 25 Wend. 118.)   This the defendants wholly
failed to do.

2.   Even if plaintiff had refused to convey the land, de-
fendants could not resist payment of their note.   (1 Sugd.
Ven. 306, old paging 261; 1 Fairf. 49; 2 Barn. & Ald. 155;
22 Eng. Com. Law, 49; 14 East. 486; 6 Cow. 13; 17 Maine,
366.)   But the plaintiff did not refuse to convey.

3.   If the plaintiff was bound to convey, defendants were
bound to prepare and tender the deed at the day to plaintiff
for execution, or, after demand, should allow him a reason-
able time for its preparation.   (3 Wend. 250; 6 Cow. 13; 1
Denio, 546; 8 Mo. 689; 11 Ala. 840; 15 Pick. 546.)

4.   The note was given with knowledge of the nature of
plaintiff's title, and it is to be presumed they were satisfied
with it.   (4 Denio, 550; 4 Cond. U. S. R. 9.)

5.   Before defendants can object to paying the note, they
must rescind the contract and restore possession of the land.
(3 Wend. 236; 2 Hill, 288; 5 Ib. 389; 19 Mart. La.
* 235; 2 Johns. Ch. 519.)   Failure of consideration   [267]
for want of title, cannot be set up to defeat an action
on the bond given for the purchase money, if there has been
no eviction at law under paramount title.   (1 Johns. Ch.
213; 2 Sandf. Ch. 344; 2 Kent's Com. 473; 5 Johns. Ch. 29,
79; 5 Paige, 300; 2 Edward's Ch. 37; 3 Ib. 124; 25 Wend.
107; 26 Ib. 109.)

6.   Defendants' position that they were in possession at
the time of their purchase from plaintiff, cannot avail them.
If one takes a lease of land from another, he cannot dispute
the landlord's title.   (4 Mon. 392.)   So, if he enter, or con-
tinue, his possession under a contract of purchase.   (7 Cow.
717; 1 Caine, 444; 7 Mon. 107; 2 Marsh. Ken. 242; 7
Wend. 401.)

Mr. Justice HEYDENFELDT delivered the opinion of the
Court.   Mr. Ch. J. MURRAY concurred.

From an examination of the record, it appears that if the
defendants had paid the purchase money they would have
received a deed to the land, as stipulated for, in the plain-

tiff's bond for title, The only object, therefore, of the defense set up, must have been, to rescind the contract, upon the ground that the plaintiff could not perform, because he had no title to the land.

For this purpose, the averments in the answer are insufficient. It was necessary to show an outstanding paramount title in another.

So we decided in *Thayer* v. *White*, 3 Cal. 228, and in *Smith* v. *Fowler*, at this term.

Judgment affirmed.