ANDERSON, RESPONDENT, *v.* PERKINS ET AL., APPELLANTS.

INTEREST — *Promissory notes — Partial payments.* — Partial payments upon a promissory note, in the absence of any special provision for a particular method of application, may be applied by the holder to the payment of the interest accrued to the date of the payments, and the balance, if any, must then be applied upon the principal sum; and a promissory note which provides for a given rate of interest before and after maturity from date, until payment, contains no condition requiring the application of a partial payment in any other manner.

EVIDENCE — *Written instruments.* — Evidence of a parol agreement, at the time of the making of a promissory note, that in case the same was not paid at maturity subsequent payments might be applied upon the principal first, and the interest afterwards, is improper under section 628, first division of the Compiled Statutes, providing, in substance, that when the terms of an agreement have been reduced to writing there can be no evidence of those terms other than the writing itself. (*Fisher* v. *Briscoe, ante;* p. 124, cited.)

PLEADING — *Denials — Replication.* — Where a complaint upon a promissory note alleged payments of certain sums upon certain dates, and the answer admitted the payments of such sums, but denied that they were made upon the dates alleged in the complaint, and averred other dates, such allegations and denials form an issue as to the dates of the payments, and the dates alleged in the answer are not admitted by a failure to deny them in the replication.

EVIDENCE — *Sufficiency — Findings.* — The finding of the court in the case at bar that the payments were made upon the dates alleged in the complaint, will not be disturbed when the import of the evidence is in favor of the allegations of the complaint, and though meager and obscure is uncontradicted.

*Appeal from Sixth Judicial District, Gallatin County.*

The cause was tried before HENRY, J. The plaintiff had judgment below.

*M. J. Liddell,* for Appellants.

It is apparent upon a careful inspection of the note that in drawing the instrument it was the intention of the makers to stipulate something more than the payment of $1,250 on a particular day with a certain rate of interest from date until paid. The form of the note is unusual, and if the parties had intended that the interest should run from date until paid, the words "from date till maturity," would not have been inserted, and the lines following the word "maturity," are meaningless. The latter part of the note, containing these words, "and if this note is not paid at maturity, we will pay the same rate of interest upon said principal sum until the same is fully paid and satisfied," is a proviso, which defendants claim enables them to make their payments after maturity upon the principal first and then the interest. In every interest bearing note there are two obligations, one to pay the principal and another to pay the interest; a distinction which seems to be provided for by the phraseology of the note, to pay interest from date until maturity; and if not paid then, to pay the same rate until the principal is paid. (1 Sutherland on Damages, § 7, p. 675; *Watts* v. *Garcia,* 40 Barb. 656; *Howe* v. *Bradley,* 19 Me. 31; *Stone* v. *Bennett,* 8 Mo. 51; *Canfield* v. *Eleventh School District,* 19 Conn. 529; *Still* v. *Hall,* 20 Wend. 51; *Foster* v. *Harris,* 10 Pa. St. 457; *Dae* v. *Warren,* 7 Greenl. 48. See, also, Sedgwick on Damages, p. 480 [6th ed].)

Interest is an accessory to the principal — and is of two kinds. Conventional interest is paid for the hire of money, but where the interest is allowed by law in the absence of an agreement it is given as damages. Measured by this rule the interest stipulated for prior to maturity represents the hire of the money; the promise to pay a like rate of interest, if the principal is not paid at maturity until the principal is duly paid, is liquidated damages for which the parties had the legal right to stipulate. Under this view of the case the principal is one

debt, and the liquidated damages (interest after maturity) another. That there are two debts, principal and liquidated damages (or interest after maturity), provided for in the note, seems too plain for argument. (*Davis* v. *Hendrie,* 1 Mont. 499.) It follows logically that if there are two debts the debtor had the right to apply his payments to that which was most onerous; and merely to indicate his intention to so appropriate his payments will be sufficient. (2 Parsons on Notes and Bills, p. 222, n. *w.*) In deciding suits upon contracts the first thing to be done is to interpret the instrument sued on. In cases of doubt the solution must be in the sense least onerous to the obligor. (2 Rob. [La.] 122; 5 Rob. [La.] 75; 12 Rob. [La.] 123; 4 Mart. [La.] 575.) Words in a written contract are not presumed to have been used without meaning, and are rarely rejected as surplusage. (*Roland* v. *McCarty,* 19 La. 77; *Fake* v. *Eddy,* 15 Wend. 82.) The evidence raises the following legal questions: (1) Whether parties having construed the contract themselves are not thereby bound, and (2) the application of the doctrine of the appropriation of payments.

On the first proposition we say, that where the intent is doubtful, the manner in which the contract has been executed by both or one of the parties, with the express implied assent of the other, furnishes a rule for its correct interpretation; and in support of this rule we cite: *Milford* v. *La France,* 26 Cal. 88; *Pico* v. *Coleman,* 47 Cal. 65; *Philadelphia etc. R. R. Co.* v. *Trimble,* 10 Wall. 377; *Starr* v. *Stark,* 2 Sawy. 603; 8 Biss. 488; 1 La. An. 230, 232; 2 La. An. 475; 4 La. An. 441; 6 La. An. 776; 11 La. An. 113; *Chicago* v. *Sheldon,* 9 Wall. 53.

The evidence shows, by a preponderance, the interpretation which the parties placed on the note, to wit, that the payments were to be first applied to the extinguishment of the principal.

On the second proposition, it is elementary that the debtor has the right, at the time of payment to impute or appropriate his payments to any debt then due, unless prohibited by law. (2 Parsons on Notes and Bills, 222; *Gass* v. *Stinson,* 3 Sum. 98; *Clarke* v. *Scott,* 45 Cal. 86.)

*Armstrong & Hartman,* for Respondent.

The decisive question in this case is, whether by the terms

of the notes the payments made were to be credited on the interest first and then on the principal, or whether, as appellants claim, they were to be credited on the principal. In other words, what is a proper construction of the note and the correct method of computing interest and applying partial payments thereon. We maintain that the construction placed upon the note by the trial judge is correct. Our statute, we think, is sufficiently plain on that proposition. (§ 1238, fifth div. Comp. Stats.) Neither is the question a new one. We think every arithmetic used in our public schools teaches this system of computation of interest, while every commercial business transaction involving the loaning and borrowing of money is governed by the same rule. The law merchant and the highest tribunals of many of the States and the Supreme Court of the United States have announced this as the proper doctrine, and it has become the settled law of the land. (*Story* v. *Livingston*, 13 Peters, 371; *Backus* v. *Minor*, 3 Cal. 234; *Stoughton* v. *Lynch*, 2 Johns. Ch. 210; *Williams* v. *Houghtaling*, 3 Cowen, 87; *Estate of Den*, 35 Cal. 692; 2 Daniel on Negotiable Instruments, § 1252.)

Counsel for appellants insist that as the answer denied the dates of the payments and set up other dates, and this not being denied by the replication, is taken as confessed. We fail to see how he reaches this conclusion. Since we had alleged the dates in the complaint, and appellant simply denied those dates of payment and pleaded others, which is simply another way of denying, and it is not incumbent on plaintiff to deny the denials of defendants. If the evidence does disclose a day or two days difference in the time of payment from that alleged in the complaint, a sufficient answer for that is that the law does not take notice of trifles.

Even if, in the opinion of the court, injustice was done the defendants in this respect it would not be ground for reversal but the court would simply modify the judgment. (*Randall* v. *Greenhood*, 3 Mont. 506, 512.)

Appellants seem to rely upon the language of the note itself for a favorable construction in their behalf of its terms; and yet, as if conscious of the uncertainty of that position, try to vary its terms by oral testimony; and have produced one of

the defendants as a witness, who testifies that at the time he made the payments he told the plaintiff the payments were to be applied upon the principal. This is flatly denied by the plaintiff; but even if it was not, it would be wholly immaterial, since in the first place the request if agreed to by plaintiff would have been wholly without consideration and void; secondly, the testimony would tend to vary the terms of the written contract.

HARWOOD, J.—The main question brought to this court for determination by this appeal relates to the computation of interest and the application of partial payments on a certain promissory note made and delivered by appellants to respondent in the following terms:—

"$1,250.          BOZEMAN, M. T., February 6, 1883.

"On or before the first day of August, 1883, we, or either of us, promise to pay to the order of David Anderson twelve hundred and fifty dollars, for value received, negotiable and payable without defalcation or discount, with interest at the rate of one and one-half per cent per month from date till maturity; and if this note is not paid at maturity we will pay the same rate of interest upon said principal sum until the sum is fully paid and satisfied.          WILLIAM L. PERKINS.

"HOWARD STONE."

It was admitted by plaintiff's complaint, and found by the trial court that payments had been made on said note as follows: May 8, 1883, $250; April 13, 1885, $250; September 29, 1886, $673.36.

The appellants contend, that under the terms of said note, if the same was not paid at or before maturity, they had a right after maturity to apply their payments first upon the principal sum, and then upon the interest. If such payments were applied in that manner, the result would be that on the twentieth day of February, 1890, prior to the commencement of this action, the defendants were indebted to the plaintiff in the sum of $875 only, as a balance of interest and principal due on said promissory note. Said sum was tendered to plaintiff on that date in full satisfaction of the balance due on said note, according to the construction of defendants. The plaintiff applied said payments first upon the interest accrued on said note, to the date of payment,

before crediting any portion of the payments to the principal sum, and as a result of such application the plaintiff claimed, and the trial court found, that defendants were indebted to the plaintiff in the sum of $1,256.52 at the time this action was commenced, April 25, 1890.

In the absence of any conditions of the contract to the contrary, it is a well established rule of law, that where partial payments are made on an interest bearing obligation, the payment must be first applied to the liquidation of the interest accrued to the date of such payment, and the balance, if any, applied upon the principal. "The rule for casting interest," says Chancellor Kent, in *State of Connecticut* v. *Jackson*, 1 Johns. Ch. 13; 7 Am. Dec. 471, "when partial payments have been made, is to apply the payment in the first place to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes toward discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments taken together exceed the interest due, and the surplus is to be applied toward discharging the principal, and interest is to be computed on the balance as aforesaid." This rule is generally adopted by modern authority, and in some States of the Union has been confirmed by statute. (See 3 Randolph on Commercial Paper, § 1497; *Story* v. *Livingston*, 13 Peters, 359; *Backus* v. *Minor*, 3 Cal. 230; *Estate of Den*, 35 Cal. 692.) There may be exceptions to this rule involved by special terms of the contract, or by the parties adopting a different method in their transactions. (*Stoughton* v. *Lynch*, 2 Johns. Ch. 209; *Backus* v. *Minor, supra*.) The general rule, as to the application of partial payments upon interest bearing obligations above set forth, apparently is not questioned by counsel for appellant; but he insists that the terms of the note in question indicate that in case the same was not paid at maturity, the defendants had the right after maturity to apply their partial payments upon the principal first, and secondly upon the interest. To sustain this theory of construction counsel refers to the fact that the note provides for "inter-

est at the rate of one and one-half per cent per month from date till maturity, and if this note is not paid at maturity, we will pay the same rate of interest upon said principal sum until the same is fully paid and satisfied." The counsel for appellant reasons that after maturity the interest and principal become two separate and distinct debts, and the debtor, therefore, had the right to require that his payments be appropriated according to his desire. In our view of this promissory note we find nothing in its terms to justify the construction contended for by appellant. Its terms are so plain and definite they become their own interpreter. As to interest the makers declare the rate shall be one and one-half per cent per month from date until maturity, and the same rate from maturity until payment is finally made. In other words, the note declares that the principal shall bear the given rate of interest, before and after maturity, from date until payment. We find nothing in the language of this note to indicate that the maker may, by reason of its terms and conditions, require that partial payments thereon should be applied, either in one manner or another.

It is further contended by appellants that at the time of making said note the parties thereto agreed that in case the debt evidenced thereby was not paid at maturity, the maker might thereafter apply his payments, first upon the principal, and secondly upon the interest. The record shows that defendants introduced evidence on the trial in support of such an alleged agreement, and the plaintiff also introduced evidence in rebuttal thereof. The court found that the partial payments were made on the interest and principal of said note, and allowed said partial payments to be first devoted to the liquidation of accrued interest; and such finding is assigned as error. We fail to discover any error in the action of the court on this point, unless it be in allowing the defendant to introduce any evidence as to such an alleged agreement. The law will not permit a contemporaneous parol agreement to be set up, to contradict or vary the terms of an agreement reduced to writing, except under certain circumstances not involved here. (§ 628, Code Civ. Proc.; *Fisher* v. *Briscoe, ante,* p. 124.) It may be further observed in this connection that this court has repeatedly decided that where the evidence is conflicting, the finding of the

court or verdict of the jury will not be disturbed unless other grounds are shown therefor.

The further and last assignment of error to be determined relates to a controversy as to the date of the last two payments on said note. The parties agree as to the date of the first payment. The plaintiff alleges the last two payments to have been made respectively on the 13th of April, 1885, and the twenty-ninth day of September, 1886. The defendants' answer says: "They deny that they made any payment on said note on the 13th of April, 1885; but they admit and aver that they did pay the plaintiff $250 on the eleventh day of April, 1885," and further "they deny that they paid plaintiff the sum of $673.36 on said note on the 29th of September, 1886, but they aver and admit that they did make the plaintiff a payment of $673.36 on the 8th of September, 1886."

Counsel for appellants contend that inasmuch as the plaintiff in his replication made no reference to said denials and admissions as to the date of said payments, the allegations of the answer as to such dates is to be taken as admitted to be true. We find in these denials of one date and the averment of another no matter which demands a further denial by plaintiff. In substance the plaintiff alleged the dates of said payments. The true dates of payment are material in reference to casting interest. In substance the defendants denied that the dates stated by plaintiff were the true dates of payment and alleged incidentally to such denials, dates which the defendants claimed were the true dates of payment. By these allegations and denials an issue was formed which could not be made more certain by the plaintiff denying the dates named by defendants, or reasserting the dates which he had before alleged as the true dates of payment. Upon this issue evidence was necessary to ascertain the correct dates of said payments. The evidence as disclosed by the record is meager and obscure as to the disputed dates of payment. The record shows that the defendants introduced no evidence on this point, except that W. L. Perkins, one of the defendants, testified that he remembered "the circumstances of the payment of $250 as stated in the complaint on the 13th of April, 1885." On this point Anderson, the plaintiff, testifies that "the memoranda upon the note, 'Paid

April 13, 1885, $250 on interest'was made on that day.  The memoranda of September 29, 1886, was made on that day and is in my handwriting." There is no other evidence on that point.  The import of it all seems to be in favor of the allegations of the complaint, and there is no evidence to the contrary. The court found that the allegations of the complaint are true, and, being supported by all the evidence introduced on the point under discussion, we do not think the finding as to the dates of payment should be disturbed.

Judgment affirmed with costs.

BLAKE, C. J., and DE WITT, J., concur.