MONIDAH TRUST, RESPONDENT, *v.* HRUZE ET AL., APPEL-
LANTS.

(No. 4,668.)

(Submitted February 4, 1922. Decided March 6, 1922.)

[205 Pac. 232.]

*Promissory Notes—Principal and Interest—Payments—Appli-*
*cation as Directed by Maker—Effect.*

Debt Consisting of Principal and Interest—Application of Part Payments
—Acceptance by Creditor—Effect.
    1.   Under section 7430, Revised Codes of 1921, a debtor owing more
    than one debt or a debt consisting of more than one item (as prin-
    cipal and interest) has the right to direct application of a payment
    voluntarily made by him, and if the creditor accepts the payment
    and retains it, the law will treat it as having been applied as
    directed.

Promissory Notes—Application of Partial Payments by Payee as Directed
by Maker—Effect.
    2.   Defendants were indebted to plaintiff on a promissory note, and
    as they made partial payments they directed the creditor to apply
    them on principal or interest, and the latter so indorsed the credits
    upon the note.  Upon final settlement defendants paid the balance
    demanded as due and the note was surrendered to them as fully paid.
    Some time thereafter demand was made upon them for an additional
    amount as due for interest.  *Held,* under the above rule, that having
    accepted the payments and applied them as directed, plaintiff credi-
    tor was in no position to urge that he did not consent or give credit
    according to the directions.

Same—Interest Due Periodically Constitutes a Debt.
    3.   Where interest on a note is payable semi-annually, as each in-
    stallment of interest becomes due it constitutes a debt.

Same—When Court may Make Application of Payment.
    4.   It is only in the event that neither debtor nor creditor makes
    application of a payment on a debt, composed of more than one item,
    that courts may apply it according to the justice of the case.

*Appeals from District Court, Silver Bow County; Joseph R.*
*Jackson, Judge.*

ACTION by the Monidah Trust against William Hruze and
another.  From the judgment for plaintiff and an order deny-
ing motion for new trial, defendants appeal.  Reversed and
remanded, with directions.

*Messrs. Miller, O'Connor & Miller,* for Appellants, submitted a brief; *Mr. Jas. F. O'Connor* argued the cause orally.

Debtors may apply payments on principal to exclusion of interest. (*Pindall's Exrs.* v. *Marietta Bank,* 37 Va. (10 Leigh) 481; also, *Tooke* v. *Bonds,* 29 Tex. 419; *Steele* v. *Taylor,* 34 Ky. (4 Dana) 445; *Marye* v. *Strouse,* 5 Fed. 483, 6 Sawy. 204.) The debtor may, at or before the time of payment, direct its application, and if the creditor receives the money, he is bound by the direction. (*Wendt* v. *Ross,* 33 Cal. 650; *Cardinell* v. *O'Dowd,* 43 Cal. 586; *Clarke* v. *Scott,* 45 Cal. 86; *Youmans* v. *Heartt,* 34 Mich. 397; *McDonnell* v. *Montgomery,* 20 Ala. 313; *Whitaker* v. *Groover,* 54 Ga. 174; *Champenois* v. *Fort,* 45 Miss. 355; *Stone* v. *Seymour,* 15 Wend. (N. Y.) 19; Munger on Application of Payments, 11.) This direction may be made verbally, even where the payments are to be applied to one of two promissory notes. (*Clarke* v. *Scott, supra.*) If after having directed the application of the payment the debtor takes up notes to which the creditor had applied the payments contrary to the directions, such acquiescence binds the debtor. (*Cardinell* v. *O'Dowd, supra.*) The debtor loses the right to make it at the time of payment. (*National Bank of Newburgh* v. *Bigler,* 83 N. Y. 51, 63, 64; *Bell* v. *Radcliff,* 32 Ark. 645, 665; *Primrose* v. *Anderson,* 24 Pa. St. 215.)

Where a debtor directs the manner in which his payment is to be applied and the creditor accepts the money, he must apply it accordingly. (*Hanson* v. *Cordano,* 96 Cal. 441, 31 Pac. 457; *Hardenbergh* v. *Bacon,* 33 Cal. 356; *Durrell* v. *Todd,* 31 Neb. 256, 47 N. W. 862.)

*Messrs. Nolan & Donovan* and *Mr. Geo. Bourquin* submitted a brief.

The suit is based upon the method of casting interest approved in *Anderson* v. *Perkins,* 10 Mont. 154, 35 Pac. 92. The court will notice that that decision says "in the absence

of any conditions of the contract to the contrary." The conditions in this contract are to the contrary. Literally, the plaintiff should allow nothing on account of payment on principal until the total amount paid less the interest due at six months' periods equals $28,500. A calculation based upon this method shows that on September 6, 1919, there was due $3,045.59. If the calculations are made and the interest cast on each six months' period from June 9, 1914, to June 9, 1917, figuring at each six months' period the amount due on principal and interest, and there is deducted at that six months' period any amount of interest then paid, and the balance of any payment above the amount due on the interest be deducted from the principal as of the six months' period, the calculation will show that on September 6, 1919, there was due to the plaintiff $1,540.58.

Reference to section 4928, Revised Codes, supports the method of casting interest approved in the supreme court case cited above, and under no view supports the theory of the defendants. The opening sentence of this section reads as follows: "Where a debtor under several obligations to another does an act by way of performance in whole or in part, which is equally applicable to two or more of such obligations, such performance must be applied as follows." The "several obligations" due from the appellants to the respondent were, first, an obligation to pay the lump sum of $28,500 at Butte; and, secondly, to pay every six months at First State Bank, Livingston, the interest. Under the first subdivision of section 4928, the appellants could not without violating the well-known rule against varying the terms of a written instrument by contemporaneous agreements contrary to its terms make any application of payments other than, first, a payment of the lump sum of $28,500, the principal, at Butte, or, secondly, the payment of the interest due each six months at the First State Bank at Livingston.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On June 9, 1914, the defendants executed and delivered to Alexander Murray their promissory note for $28,500, due on or before three years after date, with interest at eight per cent per annum, payable semi-annually. The principal was made payable at the banking house of James A. Murray, in Butte, and the interest at the First State Bank, in Livingston. The note provided: "If the interest be not paid as stipulated, the legal holder of this note may declare the principal due and proceed by law to recover both principal and interest." The following payments were made and indorsed upon the note: January 16, 1915, $1,120; December 13, 1915, $5,000; December 18, 1915, $1,000; March 15, 1916, $2,000; April 21, 1916, $2,500; June 1, 1916, $5,000; August 8, 1916, $6,000; October 10, 1916, $2,250; April 5, 1917, $3,000; April 18, 1917, $1,000; December 9, 1918, $3,000; September 6, 1919, $1,452.76.

The complaint in this action is in the usual form. It sets forth a copy of the note with the indorsements, and alleges that there is a balance due of $1,014.81, and that the note was sold, assigned and transferred to plaintiff. In their answer the defendants pleaded payment, and apparently undertook to plead accord and satisfaction. They allege that a settlement was made with L. R. Nye, vice-president of the First State Bank, but do not allege that Nye or the bank was the agent of Mr. Murray for the purpose of the settlement. The cause was tried to the court without a jury, resulting in a judgment for plaintiff. From the judgment, and from an order denying a new trial, defendants appealed.

There is not any conflict whatever in the evidence. The [1, 2] record discloses that all of the payments were made to the First State Bank at Livingston; that Mr. Murray received the several payments as made and personally indorsed the credits upon the note; that when the first payment of $1,120 was made the defendants directed that it be applied

upon the interest then due; that as each of the other payments was made, down to and including the payment of April 18, 1917, defendants gave specific directions that it be applied to the payment of the principal; that when the payment of December 9, 1918, was made, they directed that it be applied to the discharge of the principal, and then toward the payment of the accumulated interest; that in August, 1919, the note was sent to the First State Bank for the collection of the balance due; that Mr. Nye made the computation for the bank, and then demanded the sum of $1,452.76 in final settlement and discharge of the indebtedness; that defendants paid the amount demanded, and that the note was surrendered to them. Although the principal was payable in Butte and the interest was due semi-annually, each of these provisions was ignored by both parties to the contract. The note did not provide for partial payments upon the principal, but such payments were made by defendants and accepted and credited upon the note by Mr. Murray.

The following rules of the common law, borrowed largely from the civil law, have been enforced in this country from the earliest colonial days:

(1) A debtor owing more than one debt to a particular creditor, or a debt composed of more than one item, has the right primarily to direct to which of the debts or to which item of the single indebtedness any payment made voluntarily by him shall be applied.

(2) In the absence of any directions by the debtor, the creditor may apply the payment to any indebtedness then due.

(3) If neither the debtor nor the creditor directs the application, the law will apply the payment according to the justice of the case. (21 R. C. L. 88, 90, 97; 30 Cyc. 1228, 1233, 1239; 2 Am. & Eng. Ency. of Law, 2d ed., 435, 436, 447; Barbour's Law of Payment, 345; Munger on the Application of Payments, 11, 32, 82; 96 Am. St. Rep. 46, 49, 54.)

The second rule was referred to by this court in the early case of *Christnot* v. *Montana G. & S. Min. Co.,* 1 Mont. 44,

and the third rule was applied in *Anderson* v. *Perkins,* 10 Mont. 154, 35 Pac. 92. In 1895 the substance of the three rules was incorporated in our Codes (section 2006, Civ. Code) and that statute is still in force (section 7430, Rev. Codes 1921).

Counsel for plaintiff contend, in effect, that our statute is to be construed in the light of the decision made in *Anderson* v. *Perkins,* above, and with this we agree; but we are unable to accept their analysis of that decision. It is true that the court said that, in the absence of any condition of the contract to the contrary, the rule there applied should prevail, but, after stating the rule as announced by Chancellor Kent in *Connecticut* v. *Jackson,* 1 Johns. Ch. (N. Y.) 13, 7 Am. Dec. 471, the court observed: "There may be exceptions to this rule involved by special terms of the contract, or by the parties adopting a different method in their transactions." Neither in *Anderson* v. *Perkins* nor in *Connecticut* v. *Jackson* was there involved the question of the right of the debtor or creditor to direct the application of payment; hence this court very properly invoked the rule announced.

The reason for the rule which confers upon the debtor the right primarily to direct the application of a payment voluntarily made by him is apparent. Until the money is actually paid over, it belongs to him, and he may do with it as he sees fit. If he makes a specific direction, the creditor must observe it or refuse to accept the payment. If he accepts and retains the money, the law will treat the payment as having been applied as directed. (21 R. C. L. 89.)

Apparently there are very few decided cases involving the application of the rules above to such a state of facts as we have presented. Some doubt has been expressed as to the propriety of applying the rules to a single debt consisting of principal and interest. In such a case the supreme court of Texas held that the debtor cannot, as a matter of right, make partial payments and appropriate them in extinguishment of the principal in advance of the discharge of the interest.

However, the court said: "But there is no reason why this may not be done by the mutual assent of the parties. And although the creditor is not bound to accept such partial payment, yet if the debtor makes it upon the stipulation and agreement that it shall be applied in satisfaction of the principal, and not of the interest, and it is so accepted and appropriated by the creditor, the principal is thereby extinguished and discharged, and the creditor cannot be permitted, without the consent of the debtor, to shift the application of such payment from the principal to the interest; nor will the law do so for him." (*Tooke* v. *Bonds,* 29 Tex. 419.)

In *Johnson* v. *Robbins,* 20 La. Ann. 569, the court said: "Where there is interest due, the debtor cannot, without the consent of the creditor, impute to the reduction of the principal any payment he may make." But that conclusion was compelled by special statute of Louisiana then in force. (La. Civ. Code, secs. 2160, 2162.)

In *Pindall's Exrs.* v. *Marietta Bank,* 37 Va. (10 Leigh) 481, the court said: "A debtor owing a debt consisting of principal and interest, and making a partial payment, has a right to direct its application to so much of the principal, in exclusion of the interest; and the creditor, if he receives it, is bound to apply it accordingly." That doctrine was approved in *Miller* v. *Trevilian,* 2 Rob. (Va.) 1, and was applied by the New York court in *Davis* v. *Fargo,* Clarke's Ch. (N. Y.) *470.

In *Kann* v. *Kann,* 259 Pa. 583, 103 Atl. 369, the court had presented for consideration the question: "Can a debtor in making payment on account of indebtedness specifically apply the payment to principal, when the interest at the date of payment exceeds the payment?" After an exhaustive review of the authorities, the court concluded that the debtor may stipulate at the time of making payment that the credit shall be given upon the principal, even though there is interest due, and, if the creditor accepts without protest, such acceptance

will be tantamount to an agreement to apply the money as directed. (See, also, Barbour's Law of Payment, 353.)

No reason is apparent to us why the rules above as now incorporated in our statute (section 7430, Rev. Codes 1921) should not be invoked in this instance. Their application could not work any hardship upon the creditor. Primarily, Mr. Murray was not obliged to accept any payment upon the [3] principal less than the entire amount of it. As each semi-annual installment of interest became due, it constituted a debt (*Stanford* v. *Coram,* 26 Mont. 285, 67 Pac. 1005), and it was his right to insist upon the payment of the interest and, upon default, to declare the entire indebtedness due and proceed to collect it; but he chose to accept partial payments with full knowledge that in every instance specific directions for its application had been made by the debtors, and he ought not now to be heard to say that he did not consent and give credit according to such directions.

It would seem clear from this record that the district court [4] ignored the directions given by the defendants, and applied the rule of computation approved in *Anderson* v. *Perkins,* but the authorities are all agreed, and our statute so declares, that it is only in the event that neither debtor nor creditor makes application of the payment that the court is authorized to interfere.

Applying the payments made as directed by the defendants, it requires but a simple mathematical calculation to demonstrate that the indebtedness represented by this note was fully paid and discharged.

The judgment and order are reversed and the cause is remanded to the district court, with directions to enter judgment dismissing the complaint.

*Reversed and remanded, with directions.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and GALEN concur.

MR. JUSTICE REYNOLDS, being absent, takes no part in the foregoing decision.