GALLATIN TRUST & SAVINGS BANK, Plaintiff and Appellant, *v.* ROBERT DARRAH, ANNA DARRAH and JOHN L. DARRAH, Defendants and Respondents. JOHN L. DARRAH and ANNA R. DARRAH, Plaintiffs and Respondents, *v.* GALLATIN TRUST & SAVINGS BANK, Defendants and Appellants.

No. 11356.
Decided June 30, 1969.
456 P.2d 288.

Lyman H. Bennett, Jr. (argued), Bozeman, Thomas E. Towe, Billings, for appellants.

Anderson, Brown & Gilbert, McKinley Anderson (argued), Bozeman, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

The plaintiff, Gallatin Trust & Savings Bank, hereinafter referred to as the appellant, filed a motion in the district court of Gallatin County for the purpose of making certain changes in the court's judgment on remittitur. The motion was denied and the appellant appealed.

The judgment on remittitur as rendered by the district court directs in paragraph 14 thereof that the payment of the sum of fifteen thousand dollars ($15,000) now in the hands of the appellant and the respondents, Robert Darrah, Anna Darrah and John L. Darrah, in the form of Certificates of Deposit be applied pro rata to all of the promissory notes affected by the judgment. The appellant has filed a motion in this Court to amend paragraph 14 to require that the funds be applied first to all of the notes secured by the security agreement, then to the notes secured by attachment, and finally to a $5,000 promissory note co-signed by Charlie Powers not otherwise secured, either in preference to others notes or equally with other notes.

The respondents rely on section 58-407, R.C.M.1947, which provides for the application of payments made by debtors when the debtor owes the same creditor more than one obligation. This statute applies, however, only when the payment is tendered by the debtor voluntarily. See Monidah

Trust v. Hruze, 62 Mont. 444, 205 P. 232; Ohio Elec. Car Co. v. Le Sage, 198 Cal. 705, 247 P. 190.

In the instant case, it is clear that the cashier's checks delivered by the respondents to the bank were not delivered voluntarily. The cashier's checks came to the bank because they represented the proceeds from the sale of a liquor license secured by the appellant. Later the bank also had an attachment on these proceeds. The respondents had to tender this money to the bank to apply it to the debts which the liquor license and the proceeds of the liquor license secured. Section 87A-9-306(2), R.C.M.1947.

Although there appears to be no case directly in point in Montana, a California decision based on a statute which is nearly identical to section 58-407, R.C.M.1947, in reference to the application of payments to more than one obligation has considerable relevance here. In Ohio Elec. Car Co. v. Le Sage, supra, the debtor owed three separate debts. Two of these debts were secured by two guarantors, but the third was not so secured. The creditor sued the principal debtor plus both guarantors on all three notes. Only one of the guarantors appealed so the judgment against all three defendants became final as to the other two. The third defendant, a guarantor, obtained a new trial but the creditor had collected a substantial sum from each of the other two defendants in the interim. At the new trial the plaintiff creditor urged that the payment received from the other two should be applied to the unsecured debt first, leaving a larger sum to collect from the third defendant on his guarantee. The lower court disagreed and prorated the payments equally to all three debts. The California supreme court reversed the lower court and applied the principal debtor's own payment to the least secured debt first in order to best protect the rights of the creditor and facilitate the meeting of the debtor's total obligation. The court stated at page 192:

"We are satisfied that section 1479 of the Civil Code has

no application to this situation. That section governs the application of payments voluntarily made by the debtor, or by the creditor, if the debtor fail (sic) to make such application, and, where the application is made by neither the debtor nor the creditor, each having had the right so to do as provided in the section, and where the interest of third parties have not intervened."

The court went on to say that when obligations are of the same class a rateable application may properly be made, but where obligations are not the same, or where one obligation is secured better than another, the application may rightly be made on the obligation where the security is the most precarious.

In the instant case only the debtor's payment is in question, and the $15,000 should be applied first to the notes secured by these proceeds. The rule is well stated in 70 C.J.S. Payment § 52, p. 259:

"A payment should be applied in such mode as will be least onerous to the debtor where he has timely requested such application and the creditor will not be prejudiced, but a debtor's right to direct the application of his payment does not include the right to impair or change the creditor's rights with respect to the security that he holds."

The respondents argue that the ends of justice are to be served by applying the proceeds pro rata to all of the notes. In this case, where there is a large indebtedness and a lesser amount of money to pay the indebtedness, it would be more unjust to deny the appellant an opportunity to collect the remainder of the judgment from the guarantor of the note in question who was not a party in this action.

It is hereby ordered that the judgment of the district court on remittitur be amended by substituting for paragraph 14 of said judgment the following language:

"That there was a cashier's check in the sum of Fifteen Thousand Dollars ($15,000), made payable to the parties herein

and held by the Gallatin Trust & Savings Bank; that this sum or any interest accrued thereon by virtue of its conversion to an interest bearing certificate of deposit is to be applied toward the payment of the Judgment recovered by Gallatin Trust & Savings Bank as set out in this Judgment on Remittitur in Paragraphs 3 through 12; and that no part of the aforesaid sum or interest accrued thereon shall be applied to the Judgment set forth herein in Paragraph 14 until or unless the remaining Judgments are first completely satisfied."

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. .JUSTICES JOHN C. HARRISON, HASWELL, and BONNER, .concur.