# MEMORANDA

OF CASES DESIGNATED BY THE COURT NOT TO BE REPORTED.

## HARRISON HOPPER vs. S. A. WILLIAMS, TRUSTEE.

*Payments Alleged to Have Been Made on Account of a Mortgage Debt After Assignment by the Mortgagee.*

Appeal from an order of the Circuit Court for Harford County (WATTERS, J.) *Affirmed.*

This is an appeal from the action of the Circuit Court for Harford County in overruling exceptions to an auditor's account under the following circumstances. On the 14th day of October, 1890, the appellant in this case executed to Stevenson A. Williams a mortgage on certain property (real estate) situated in Harford County to secure the sum of $5,000 cash loaned. On the 6th day of January, 1891, the mortgagee assigned this mortgage as follows: "For value received I hereby assign the within and foregoing mortgage, viz.: to Stevenson A. Williams, administrator *d. b. n. c. t. a.* of William Murphy, late of Harford County, deceased, thirty-one hundred dollars ($3,100), and nineteen hundred dollars ($1,900) to Fannie O. Street." On October 26th, 1895, these assignees filed in the Circuit Court for Harford County a bill in equity for a foreclosure of the mortgage and a sale of the mortgaged premises. The appellant having been summoned and failing to appear and answer an interlocutory decree was taken against him and after testimony taken *ex parte* a decree was entered in the case on the 14th day of March, 1896, to the effect that there was due the complainants "the sum of five thousand dollars ($5,000) with interest from the 14th day of April, 1891, less a credit of $114.26 on account of the interest due on the principal sum on the 14th day of April, 1892, from the defendant, Harrison Hopper," and directing that unless the said Harrison Hopper should pay or bring into Court to

be paid to the complainants "the said principal sum with interest as aforesaid" and the cost of proceedings within five days from the date of the decree the mortgaged premises be sold and that the appellee be appointed trustee to make such sale. Under the decree the trustee (the appellee) advertised the mortgaged premises to be sold on the 4th day of October, 1897.

The appellant then intervened in the cause and filed a petition in which he alleged that he was entitled to various credits upon the mortgage, to wit : interest which had been paid by him, a sum of money in excess of $100 which had been paid by other parties named in the petition for account of the appellant, the sum of about $4,800 which in a certain other equity case was the share of the appellant in the proceeds of sale and which had been audited to and accepted by the appellee to be appropriated as a credit on the mortgage debt in this case ; and a credit for about $700 or $800 out of the proceeds of sale which had been made by the appellee in still another equity case under decree of the Circuit Court. And further alleged that there were "certain offsets claimed against the various credits, the exact amount of which" he was ignorant of and could not, without a full discovery and accounting from the appellee, specifically set forth the items of credit and offset. He then alleged that he was desirous of redeeming and paying off the mortgage in these proceedings mentioned and to that end desired a true and perfect account of the amount due under the mortgage to be taken ; and asked the sale advertised by the trustee be stayed, that the papers be referred to the auditor to state an account and that the appellee be required to fully and clearly state "the several accounts of money and credits" referred to and to which the appellant claimed to be entitled, &c. The Court thereupon ordered that the sale be suspended and the papers in the case be referred to the auditor to state an account of the amount due on the mortgage and gave authority to the auditor to take testimony.

Sometime thereafter, and after certain other proceedings not material here, the appellee filed an answer to the petition just referred to and accompanied it with a statement which

showed besides the credit on the mortgage mentioned in the decree certain other credits for amounts received by him since the date of the decree which reduced the amount remaining due on the mortgage with interest to $3,713.75. The auditor took testimony as to the matters alleged in the petition of the appellant, which has been referred to, as directed by the Court and reported that he was "not able to find anything in said testimony" which would "authorize him to make any reduction in the amount of the decree in this cause except" the credits, which he specified, that were shown by the statement which accompanied the answer of the appellee to the petition of the appellant asking for the reference and account. After this the auditor took additional testimony and again reported to the Court to the effect that he found "nothing to warrant a change in the report" already made by him. To this report of the auditor the appellant filed exceptions which were overruled by the Court and the report of the auditor was ratified, the previous orders of the Court staying a sale under the decree were rescinded and the trustee (appellee here), was given "leave to proceed in said cause as if no orders had been passed."

From this order the appeal in this case was taken. As stated in the brief of appellant's counsel "the only question on this appeal is the amount due on this mortgage." A careful examination of the record fails to disclose any grounds whatever for the exceptions of the appellant and they may be disposed of with little comment and a brief statement of our conclusions without any extended discussion of the evidence. The most important of them, in fact, have been disposed of by the admissions of the appellant's counsel who in his brief says that the credit of $114.26 given by the appellee in the statement which has been herein referred to, disposes of the claim made by the appellant, in his petition for a stay of sale and an account from the appellee, for a "credit of a sum in excess of $100 ;" and that the credit of $3,000 given in the said statement disposes of the credit claimed by the appellant in his said petition of $4,800—the credit of $3,000 given by the appellee being admitted to be correct and the admission being accompanied with an explanation as to how the discrepancy arose between

the credit claimed and the true credit which was allowed. The appellant's counsel then says, "so the only question for decision is the amount of the credits that Mr. Hopper (appellant), is entitled to, by reason of the amount received by Mr. Williams, administrator *d. b. n. c. t. a.* of William Murphy, under the auditor's account in the case of *Williams* v. *Slicer*, and because of his agreement made with Father Fitzpatrick, the purchaser of the Slicer property." The amount here referred to as having been received by Mr. Williams (appellee), in case of *Williams* v. *Slicer*, is the credit that was claimed by the appellant in his petition for account, &c., "out of the proceeds of sale of the Slicer property" and which he there states he believes to be $700 or $800. The proceedings in the case of *Williams* v. *Slicer*, were offered in evidence in this case in the Court below as the record shows, but they were not transcribed in the record. Under agreement of counsel, however, the original papers in the case were produced and used at the argument in this Court and copious extracts from them appear in the briefs of counsel. These proceedings show that the amount which was audited to the appellee in that case and claimed as a credit in this case in the petition and exceptions of the appellant was so audited to the appellee in payment of a loan made by him to the appellant in another distinct and different transaction and claim for this credit we understood was abandoned by the counsel for appellant at the argument.

As to the claim for a credit founded upon the "agreement made with Father Fitzpatrick the purchaser of the Slicer property," we have seen that the appellee on January 6th, 1891, assigned the mortgage in suit in this case to himself as administrator, &c., and to his co-plaintiff in the suit below. The alleged agreement with Father Fitzpatrick was in the course of a transaction that occured in 1892. Whether or not, then, there ever was such an agreement as the claim for this credit is based upon is altogether immaterial in this case; for whatever claim the appellant may have against the appellee upon an agreement made with him personally it cannot be enforced here as a credit against funds which, as shown, belong not to the appellee, but to other parties for whom there is not the

slightest evidence that he had authority to make such an agreement. The same may be said as to the claim made in the exceptions of appellant for interest for which it is alleged the appellee has become liable in other cases in equity in which the appellee was trustee and in which the appellant was interested. Such a claim is one to be settled by proper proceedings in those cases and if it was there established as against the appellee it could not be brought here to be enforced as a credit against funds in which the appellee has no interest except as a trustee for others.

Lastly the appellant asserts a claim to be allowed interest on the credits of $114.26, $3,000 and $200, which appear in the statement of account furnished by the appellee with his answer to the appellants petition for account. It is impossible to see the force of such a contention. The smaller credits were not sufficient at the time of the payments made to pay the interest then accrued upon the mortgage in suit here; and the credit of $3,000 appears as a credit on the principal of the mortgage as of the date of the order of Court authorizing it to be so applied. The order of Court appealed from must be affirmed.

Opinion by JONES, J. filed January 30th, 1902.

*Frederick C. Cook*, for the appellant.
*Thos. H. Robinson*, for the appellee.