*872 OPINION.
Smith
: In the year 1919, the taxpayer paid dues to the Western Pennsylvania Brewers Association, the Westmoreland County Brewers Association, and the United States Brewers Association. In addition it paid to the last named association $8,340.16 as its pro rata share of the fees of attorneys employed by the United States Brewers Association to test the constitutionality of the Prohibition Amendment to the Constitution. In its income-tax return for 1919, the taxpayer deducted the payment of these dues and attorneys’ *873 fees as ordinary and necessary expenses and the deduction has been disallowed by the Commissioner.
We think that the amounts paid constituted ordinary and necessary expenses. All of the brewers associations mentioned were, so far as the record indicates, performing lawful services for their members and such services were in furtherance of the members’ business. It does not appear from the record that the taxpayer was under any legal obligation to make a contribution for the attorneys’ fees but it was perfectly legal for the brewers association to test 'the constitutionality of the Prohibition Amendment and the payment by the taxpayer of its proportion of the fees was an ordinary and necessary expense of doing business.
The Commissioner has added to the taxpayer’s gross and net income for the year 1919, $222,774.31 alleged profit on the. purchase by it of its own outstanding bonds. This amount plus $1,400 returned by the taxpayer as income constitutes the difference between the par value of the bonds purchased and the amount paid therefor. The Commissioner has treated this difference as profit under article 544 of Kegulations 45, which provides that where a corporation “purchases and retires any of such bonds at a price less than the issuing price or face value, the excess of the issuing price or face value over the'purchase price is gain or income for the taxable year.” The taxpayer denies that it derived any taxable income as a result of the purchase of its bonds from the public during the year 1919, or from the sale of 30 of the bonds to the trustee of its sinking fund during that year, but that in any event the only income which it received was a profit of $15,648.33 upon the 30 bonds sold to the trustee at par during 1919.
The facts in this case are undeniably that the brewery properties of the taxpayer had greatly depreciated in market value as a result of national prohibition. As a result of such depreciation in value large blocks of its bonds were thrown upon the market at any price that they would bring. When the quotation got below 40 per cent of the face value of the bonds, the taxpayer went into the market to support it. The Commissioner contends that, inasmuch as these bonds were issued many years ago at the face value, the taxpayer derived an income in 1919 from the purchase of these bonds equal to the difference between the issue price and the purchase price and contends that the transaction is analogous to a short sale.
In our opinion the taxpayer derived no taxable income from the purchase of its own bonds at less than the issue price. Certainly the transaction was not analogous to a short sale. The facts are simply that during the taxable year the taxpayer used a portion of its cash *874 on band to pay a portion of its debts. ' Whether it will ever be able to pay the balance of them is uncertain. We think that the principle laid down by the court in Bowers v. Kerbaugh-Empire Co., 271 U. S. 170, is controlling here.

Judgment for the petitioner.

Green, Love, Sternhagen, and Trammell dissent.