## APPEALS OF FRANKLIN Q. BROWN AND OTTO J. THOMEN.

Docket Nos. 3110, 3364.   Promulgated December 28, 1927.

*Edward K. Hanlon, Esq.*, for the petitioners.
*Blount Ralls, Esq.*, for the Commissioner.

OPINION.

SMITH: The issues in these appeals are (1) whether the cancellation by Redmond & Co. of indebtedness of the Pine Street Corporation and of the Securities Corporation, and the issue to Redmond & Co. by these corporations of additional capital stock were transactions from which gain or loss was realized and, if so, the amount of such gain or loss to Redmond & Co.; (2) whether the stock of the corporations mentioned was properly included in its inventory by Redmond & Co.; and (3) whether Redmond & Co. should be allowed to deduct as rent, the amount of the deficit shown on the books of the Pine Street Corporation for the year 1918.

We are of the opinion under the circumstances and on the facts in these cases that the issues of stock by the corporations mentioned in consideration for the cancellation by Redmond & Co. of indebtedness against them were not such transactions as resulted in gain or loss. The Revenue Act of 1918 permits an individual, and likewise a partnership, under section 214(a), to deduct from gross income in computing net income:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; but in the case of a nonresident alien individual only as to such transactions within the United States;

(6) Losses sustained during the taxable year of property not connected with the trade or business (but in the case of a nonresident alien individual only property within the United States) if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise.

It further provides under section 202(b) as follows:

When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; * * *

The transactions by Redmond & Co. with the two corporations of which it owned all the stock of each were not arm's-length transactions. No actual loss was sustained by the partnership, regardless of

how the transactions might be treated on the partnership books of account. From the standpoint of the corporations, we could not hold that the release of the corporations from the indebtedness resulted in any income to the corporations. This clearly follows from the decision of the Circuit Court of Appeals, Second Circuit, in *United States* v. *Oregon-Washington R. & Nav. Co.*, 250 Fed. 211, in which it was held:

Under Corporation Excise Tax Act Aug. 5, 1909, § 38, the term "income" must be accepted as those more or less periodic earnings, as distinguished from permanent sources of wealth; hence, where the sole stockholder of a corporation which furnished the capital released a debt in favor of the corporation, such sum should be treated as capital rather than income, though such a release cannot be treated as a mere matter of bookkeeping, but as adding to the corporate assets.

See also *Kerbaugh-Empire Co.* v. *Bowers*, 271 U. S. 170; *Appeal of Independent Brewing Co.*, 4 B. T. A. 870. Although the transaction before us is the converse of that considered in the above cited cases, we think the same ruling must follow, namely, that no loss was sustained by Redmond & Co., but that the transactions simply amounted to contributions of capital to corporations by the sole stockholder.

Exception is taken by the petitioners to the action of the Commissioner in excluding from inventory the stock of the Pine Street Corporation and of the Securities Corporation. The method of determining income by use of inventories is controlled by section 203 of the Revenue Act of 1918, which reads as follows:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Article 1585 of Regulations 45, as amended by Treasury Decision 3296, promulgated by the Commissioner under the authority given in section 203, quoted above, reads as follows:

*Inventories by dealers in securities.*—A dealer in securities, who in his books of account regularly inventories unsold securities on hand, either (*a*) at cost or (*b*) at cost or market, whichever is lower, or (*c*) at market value, may make his return upon the basis upon which his accounts are kept; provided that a description of the method employed shall be included in or attached to the return, that all the securities must be inventoried by the same method, and that such method must be adhered to in subsequent years, unless another be authorized by the Commissioner. For the purpose of this rule, a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers; that is, one who as a merchant buys securities and sells them to customers with a view to the gains

and profits that may be derived therefrom. If such business is simply a branch of the activities carried on by such person, the securities inventoried as here provided may include only those held for purposes of resale and not for invest-ment. Taxpayers who buy and sell or hold securities for investment or specu-lation, and not in the course of an established business, and officers of corpo-rations and members of partnerships, who in their individual capacities buy and sell securities, are not dealers in securities within the meaning of this rule. A dealer in securities is not entitled to the benefits of section 206 with reference to the gain from the sale of securities.

Commissioner's counsel has taken the position that the right of the partnership to inventory the stock in question turns on the fact as to whether or not the stock was held as an investment or as a part of its stock in trade, and further, that the circumstances indi-cate that the stock was not held for sale. The taxpayers contend, however, that the stock of the Pine Street Corporation and of the Securities Corporation was held by Redmond & Co. only because no buyer could be found; and that even if the stock was held as an investment and not for sale it was properly included in inventory under article 1585, Redmond & Co. being a dealer in securities within the meaning of that article.

We are of the opinion that the position of the Commissioner with respect to the inventorying of the shares of stock of the Securities Corporation and of the Pine Street Corporation owned by Red-mond & Co. is correct. The partnership was a dealer in securities. There is no evidence, however, that the partnership at any time offered the shares of stock of the two corporations above mentioned for sale. The contention of the petitioners that the company might or would have sold them if they could have gotten their price for them does not make them securities for sale in the ordinary course of business. The evidence does not warrant a finding that they con-stituted a part of the body of securities of the partnership held for sale. The circumstances under which the assets of both corporations were acquired and the corporations were organized all lead to the conclusion that the shares of stock of the corporations were not a part of the securities held for sale. They simply constituted an investment of Redmond & Co.

We are further of the opinion that the slow-moving securities that had been transferred or sold to the Securities Corporation were like-wise not a part of the inventoriable securities of the partnership. Legal title to the securities transferred was in the Securities Corpora-tion. If the business of that corporation was the purchase and sale of securities, the corporation itself would undoubtedly be entitled to inventory them. But the partnership which owned the shares of stock of the Securities Corporation, not having legal title to the securities held by such corporation, could not inventory them.

There remains for determination the question whether Redmond & Co. is entitled to deduct from its gross income of 1918 the amount of the deficit in the operation of the Pine Street Corporation which it advanced to that corporation during that year. The evidence indicates that it was the intention of both Redmond & Co. and the Pine Street Corporation to treat this transaction as a loan from the partnership to the corporation. The evidence does not indicate that it was paid as a part of an agreed rental. The petitioners claim that in effect it was in the nature of a rental. We are of the opinion, however, that there is no sound basis for such contention. Upon the record as made, the action of the respondent in disallowing the deduction from the gross income of the partnership is sustained.

No action will be taken concerning the deficiencies for 1919 and 1921 until after the final determination of the deficiencies for 1918 have been settled in accordance with this opinion.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

GREEN did not participate.

TRUSSELL, PHILLIPS, and MILLIKEN dissent.