THE CONSOLIDATED GAS COMPANY OF THE CITY OF PITTSBURGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29050. Promulgated October 15, 1931.

*Frank C. Miller, C. P. A.*, for the petitioner.
*J. L. Backstrom, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined deficiencies of $289,351.86 and $53,827.91 in the petitioner's income and profits taxes for the calendar years 1921 and 1922, respectively. The petitioner alleges that the Commissioner erroneously included in its income for the respective years the sums of $986,625 and $472,404.16, representing the difference between the prices at which it acquired and retired certain of its bonds, and interest coupons attached thereto, and the par value of such bonds and coupons.

The facts were stipulated as follows:

The petitioner is a corporation of the Commonwealth of Pennsylvania, having its office and principal place of business at 435 Sixth Avenue, Pittsburgh, Pennsylvania. Its business consisted of the manufacture and distribution of gas. On June 16, 1898, it issued for cash at par bonds having an aggregate par value of $5,000,000. The proceeds from the issuance of the bonds were used in refunding an existing debt, which existing debt was used in the acquisition of properties connected with the business of manufacturing and distributing gas.

On October 1, 1921, the petitioner acquired said bonds of the par value of $1,350,000, with unpaid interest coupons totaling $365,625, for a price of $729,000.

On October 18 and November 17, 1922, the petitioner acquired said bonds of the par value of $605,000, with unpaid interest coupons totaling $194,104.16, for a price of $326,700.

These bonds were coupon bonds calling for interest at the rate of five per centum per annum. The paper marked "Petitioner's Exhibit No. 1" is a copy of one of the bonds issued by petitioner. All of the bonds were in the same form. No interest was paid subsequent to that due and payable on February 1, 1916.

The bonds and coupons purchased by the petitioner as aforesaid were retired and cancelled in the years in which acquired.

At the time of purchase for retirement the prices paid for the bonds represented the market value of the bonds outstanding. The decrease in the value of the bonds as compared to the par value was primarily the result of the loss in value of the company's properties due to the business of manufacturing and distributing gas being terminated as the result of the development of natural gas.

In determining the petitioner's tax liability set forth in the deficiency notice, and upon which the deficiency in tax set forth in the deficiency notice was based, the respondent, for the year 1921, included as a part of the petitioner's income the sum of $986,625.00, representing the difference between the par value of the bonds purchased of $1,350,000.00 and accrued interest thereon of $365,625.00, or a total of $1,715,625.00, minus the price paid therefor of $729,000.00, or the net sum of $986,625.00.

And for the year 1922 the respondent included as a part of the petitioner's income the sum of $472,404.16 representing the difference between the par value of bonds purchased of $605,000.00 and accrued interest thereon of $194,104.16, or a total of $799,104.16, minus the price paid therefor of $326,700, or the net sum of $472,404.16.

The Commissioner's denial of error in his computation of the petitioner's tax liability for each of the years 1921 and 1922 places

in issue the correctness of his action both with respect to the principal amounts of the bonds acquired and retired and the interest coupons attached to the bonds. The Board has uniformly held that a corporation has no income from purchasing its bonds at less than the price at which they were issued. *Independent Brewing Co. of Pittsburgh*, 4 B. T. A. 870; *American Tobacco Co.*, 20 B. T. A. 586; *New York, Chicago & St. Louis Railroad Co.*, 23 B. T. A. 177.

In our opinion, however, the above cases do not warrant a similar decision as to the petitioner's discharge of its liability on the interest coupons. Amounts which had been deducted from a taxpayer's gross income as wages in the year in which they accrued have been held to be taxable when restored to income account because unclaimed by those to whom they were due. *Chicago, Rock Island & Pacific Railway Co.*, 13 B. T. A. 988, affirmed as to this point in 47 Fed. (2d) 990; and *Charleston & Western Carolina Railway Co.*, 17 B. T. A. 569, affd., 50 Fed. (2d) 342. If this petitioner kept its books and made its tax returns on an accrual basis, then it must have deducted the unpaid interest as it accrued. On authority of the above cited cases the acquisition of the interest coupons at less than their face value resulted in taxable income to the petitioner. If the petitioner used the cash receipts and disbursements basis, the result might be different. But this fact does not appear from the stipulation. Thus, we must affirm the action of the Commissioner in respect to the interest rather than reject it without knowing whether or not it was wrong.

The amount for which both the bonds and interest coupons were acquired exceeded the face value of the interest coupons in each of the transactions in question, but was considerably less than the face value of both the bonds and the coupons. The petitioner argues that, under the general rule of applying payments first to interest and then to principal, all of the interest was paid in full, and, consequently, that the whole case is governed by *American Tobacco Co., supra*. The difficulty with this contention is that we do not know what arrangements were made with respect to the payment of principal or interest. That was a question of proof. Cf. *Kann* v. *Kann*, 259 Pa. 583; 103 Atl. 369. Nevertheless, it appears from the stipulation that some part of the total purchase price was paid on account of the interest coupons. Under the circumstances, it seems proper to allocate the payments proportionately between principal and interest. This results in the acquisition of interest coupons in the amount of $365,625 for $155,360.65 in 1921, and in the amount of $194,104.16 for $79,356.15 in 1922, or taxable income of $210,264.35 and $114,748.01 in the respective years.

*Judgment will be entered under Rule 50.*