AMERICAN DENTAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102977.   Promulgated May 7, 1941.

*John E. Hughes, Esq.*, for the petitioner.
*Jonas M. Smith, Esq.*, for the respondent.

426

OPINION.

MURDOCK: The petitioner, near the end of his brief, makes what might be construed as an argument that the forgiveness of this rent and this interest was not income. That point has really not been placed in issue in this case, but, in any event, the forgiveness of indebtedness to a solvent debtor is income to the extent that it frees assets of the debtor from claim. *United States* v. *Kirby Lumber Co.*, 284 U. S. 1; *Lakeland Grocery Co.*, 36 B. T. A. 289. This rule has been applied to the forgiveness of a debt for interest. *Consolidated Gas Co. of Pittsburgh*, 24 B. T. A. 331 and 901; *United States* v. *Little War Creek Coal Co.*, 104 Fed. (2d) 483; *Helvering* v. *Jane Holding Co.*, 109 Fed. (2d) 933. There was no contention here that the petitioner was insolvent.

The principal contention of the petitioner is that the forgiveness of the debt for the rent and the forgiveness of the debts for the interest occurred in prior years. It contends that the rent was forgiven in 1934 when John B. Mallers, Jr., the renting agent of the Mallers Building, told the president of the petitioner to pay him $7,500 and forget about the rest of the back rent. Although the record contains what might seem to be a verbatim statement of the conversation between the president of the petitioner and Mallers in April 1934, we think that, in fairness to the witness, his statement of the conversation should be regarded as no more than his present recollection of the substance of the 1934 conversation. Counsel for the respondent apparently thought that the witness' statement of the 1934 conversation left ambiguous the question of whether or not the cancellation of the back rent was conditioned upon and was to await the payment of $7,500. He asked the witness whether or not the forgiveness of the back rent in the amount of $7,798.99 was conditioned upon the payment of the $7,500 and the witness replied in the negative. If this were the only evidence in the record, it would justify a finding that the forgiveness took place in 1934, but there is other evidence which, if it stood alone, would lead to the conclusion that the forgiveness took place in 1937 because it was conditioned upon and was to await the payment of the $7,500. This evidence consists of entries in the books of the petitioner and, particularly, entries in the books of the creditor. Those entries show further that the indebtedness for the back rent was not actually canceled on the books until 1937. Cf. *Walker* v. *Commissioner*, 88 Fed.

(2d) 170; certiorari denied, 302 U. S. 692. There is thus a conflict in the evidence and the Board must decide which evidence is the more reliable. The conversation took place six and one-half years before the hearing and it is possible that the recollection of the witness is not entirely accurate as to the terms of the agreement. We are unwilling on this state of the record to make the finding essential to the petitioner's argument, that the rent was canceled prior to 1937.

The same witness testified that the creditors to whom interest was owed had agreed unqualifiedly, in November 1936, to cancel all interest accruing on the notes after January 1, 1932. Here again, if his testimony stood alone, a finding that the debts were canceled prior to 1937 would be proper. But there is other evidence which casts serious doubt upon the accuracy of his testimony. The petitioner on its return for 1936, filed in March 1937, claimed a deduction for the interest accruing in 1936 on these same notes. The witness had signed that return and had sworn thereon that he had examined it and found it to be correct. Furthermore, entries on the books of the petitioner recording the cancellation of the interest were made for the first time in closing the books for 1937 and disclosure that the interest and the rent had been forgiven was made for the first time on the return for 1937. The attention of the witness was called, on cross-examination, to the inconsistency of his testimony as to the rent and interest and entries pertaining thereto on the books and returns. He was unable to reconcile the inconsistency or to give any satisfactory explanation thereof. Here again, the record does not justify a finding which would reverse the determination of the Commissioner that the debts were canceled in 1937. The petitioner next contends that the cancellation of the rent and interest items represented gifts. No evidence was introduced to show a donative intent upon the part of any creditor. The evidence indicates, on the contrary, that the creditors acted for purely business reasons and did not forgive the debts for altruistic reasons or out of pure generosity. In none of the four instances was the forgiveness a gift. *Fitch* v. *Helvering*, 70 Fed. (2d) 583; *Reginald Denny*, 33 B. T. A. 738; *Rufus S. Cole*, 42 B. T. A. 1110; *Haden Co.* v. *Commissioner*, 118 Fed. (2d) 285.

The Commissioner has included in income only that part of the forgiven debts which served to offset income in prior years. Cf. *G. M. Standifer Construction Corporation*, 30 B. T. A. 184; *Helvering* v. *Jane Holding Co., supra; Pittsburgh Brewing Co.* v. *Commissioner*, 107 Fed. (2d) 155. The petitioner does not claim that a larger amount should be included in income, but he makes a contention in his brief that the tax for 1937 can not exceed the actual tax benefit in dollars which the petitioner realized by deducting these items in prior years. This contention is rejected upon authority of

*Central Loan & Investment Co.*, 39 B. T. A. 981, where a similar argument was made by the Commissioner. See also *Estate of William H. Block*, 39 B. T. A. 338, 341, where we said: "When recovery or some other event which is inconsistent with what has been done in the past occurs, adjustment must be made in reporting income for the year in which the change occurs."

*Decision will be entered for the respondent.*